26770. ARRENDALE v. ARRENDALE.

296

*Cross & Newmark, John P. Cross,* for appellant.
*Kenneth R. Keene,* for appellee.

ALMAND, Chief Justice. This appeal is from orders (a) striking the plaintiff's voluntary dismissal of her complaint for a divorce, alimony, and custody of minor children, and (b) adjudging the plaintiff to be in contempt of court.

The pertinent facts are that Lucille F. Arrendale filed her complaint against Dale Arrendale wherein she prayed for a total divorce, alimony for herself and three minor children, custody of the three minor children, and attorneys fees. On this complaint a rule nisi was issued, and after a hearing on July 28, 1970, upon evidence presented by the parties, the court awarded custody of the youngest child to the plaintiff and custody of the two other children to the mother of the defendant, with rights of visitation to both parents. The defendant was ordered to pay specific amounts of alimony for the support of the plaintiff and the minor child in her custody, and to pay the grandmother for the support of the two minors in her custody.

On May 17, 1971, the defendant filed a petition in the case to adjudge the plaintiff to be in contempt of court for failure to return the two minor children to the custody of the grandmother after she had gotten the custody of the children on the representation that the parties had become reconciled. A rule nisi was issued and personal service had upon the plaintiff on May 27, 1971.

On May 24, 1971, at 1:40 p.m., the plaintiff filed with the clerk of court a dismissal of her complaint. On May 24, 1971, at 4 p.m., the defendant filed his answer and cross complaint in which he prayed for the grant of a total divorce and custody of the children. A rule nisi was issued requiring the plaintiff to show cause on June 29, 1971, why

she should not be adjudged in contempt of court, and personal service was had upon the plaintiff on June 8.

On June 7, 1971, the defendant filed his motion to strike the plaintiff's dismissal of her complaint. This motion with the rule nisi was personally served on the plaintiff. After a hearing of the two rules nisi, in which the plaintiff, although filing a plea to the jurisdiction, did not appear, the court (a) entered an order declaring that the dismissal by the plaintiff of her complaint was void, and (b) adjudged the plaintiff to be in contempt of court.

Notice of appeal was filed from both orders.

■ As to the right of the plaintiff to dismiss her complaint, prior to the adoption of the 1966 Civil Practice Act (Ga. L. 1966, p. 609; *Code* § 3-510), a plaintiff could dismiss his action at any time, if it did not thereby prejudice the rights of the defendant. The Civil Practice Act expressly repealed this Code section and adopted the provision that "an action may be dismissed by the plaintiff, without order of Court by filing a written notice of dismissal at anytime before verdict. If a counterclaim has been pleaded by a defendant prior to the service upon him of plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court." *Code Ann.* § 81A-141.

Prior to the repeal of *Code* § 3-510, this court, in several cases had held that a plaintiff in a divorce action, after a temporary order had been entered as to temporary alimony and custody of children, could not dismiss the complaint, although the defendant had filed no defensive pleading, because in such a case the rights of the defendant under such temporary order would be prejudiced. *Breeden v. Breeden,* 202 Ga. 740 (5) (44 SE2d 667); *Grayson v. Grayson,* 217 Ga. 133 (121 SE2d 34); *McClarty v. McClarty,* 223 Ga. 813 (158 SE2d 236).

It was upon the plaintiff's complaint that on the hearing for temporary relief until further order of court, she obtained the custody of one of the children and received ali-

mony for her support and for the child in her custody. Under this order, the defendant was granted the right of visitation.

Before the plaintiff's attempt to dismiss her complaint, the defendant had filed an application in which he sought affirmative relief compelling plaintiff's compliance with the order of the court. The future enforcement of the temporary order as to custody of the three children is contingent upon the pendency of the plaintiff's complaint for divorce, alimony and custody of the children. In this situation the plaintiff could not dismiss her complaint over the objection of the defendant.

The court properly vacated the plaintiff's voluntary dismissal of her complaint.

■ It appears that the court heard evidence on the application of the defendant to adjudge the plaintiff in contempt. The record does not contain a brief of the evidence adduced on the hearing. In her appeal the appellant requested that the transcript of the evidence and proceedings be not included in the record. In this situation it will be assumed that the order is supported by the evidence.

*Judgments affirmed. All the Justices concur.*