31393. THOMAS et al. v. JACKSON et al.

HILL, Justice.

Appellants Ann Thomas, Solomon Kersey, J. B. Kersey and Ezra Kersey appeal from the grant of a

directed verdict for the defendants against plaintiffs Ann Thomas and Solomon Kersey.

On March 5, 1963, Annie Kersey gave to Sue Kersey Gill (now Sue Gill Jackson) the remainder interest in a 63 acre tract, reserving a life estate for herself. She executed a document entitled "Deed of Gift to Remainder Interest" which was signed by herself and two witnesses. The instrument was duly recorded.

On February 11, 1965, Annie Kersey died leaving all her property by will to her children, Ann Thomas, J. B. Kersey, Ezra Kersey, Solomon Kersey, and Sue Gill (now Sue Gill Jackson). By paragraph 8 of her will she "expressly and specifically" stated that she revoked and repudiated the "Deed of Gift . . . reciting to my daughter, Sue Gill, who procured this deed which I thought was a will," and that Sue Gill "has utterly failed and refused to perform promises made to me for that will."

On March 16, 1973, Ann Thomas and Solomon Kersey petitioned the Wayne Superior Court to cancel the deed of gift and to partition the property into 5 equal parts. They named Sue Gill Jackson, Ezra Kersey and J. B. Kersey as defendants. After service by second original, Ezra Kersey and J. B. Kersey filed an "Endorsement" on May 15, 1973, by which they purported to enter their appearance in the case, to "join in the prayers of the original plaintiffs" and to waive a jury trial. On May 25, 1973, Sue Gill Jackson answered the petition denying that the plaintiffs had any interest in the 63 acres. On October 11, 1973, Ann Kersey and Solomon Kersey amended their complaint, setting forth five counts (two of which were later abandoned). Counts 1 and 3 alleged that Sue Gill Jackson had obtained the deed of gift by fraud and that the deed should be canceled. Count 2 attacked the deed of gift as testamentary in nature and as such void because of insufficient witnesses.

At the pre-trial hearing the court found that the deed was a valid inter vivos deed and dismissed Count 2. The case proceeded to trial on Counts 1 and 3 based on fraud. At the close of the plaintiffs' case the defendant moved to dismiss on the ground that a suit to cancel a fraudulent deed must be brought within seven years of the discovery of the fraud. The defendant pointed out that the evidence

showed without dispute that plaintiffs Ann Thomas and Solomon Kersey had known of the alleged fraud for more than seven years. Treating the defendant's motion as a motion for directed verdict, the court granted it. Plaintiffs, joined by Ezra Kersey and J. B. Kersey, appeal.

1. At the outset the appellants argue that the trial court committed error by not making findings of fact and conclusions of law. Code Ann. § 81A-152 (a) requires the superior court to find the facts and state its conclusions of law "In all actions in superior court tried upon the facts *without jury. . .*" (Emphasis supplied.) The statute also provides: "Findings of fact and conclusions of law are unnecessary on decisions of motions under section 81A-112 or 81A-156 or *any other motion* except as provided in section 81A-141(b)." (Emphasis supplied.) Code Ann. § 81A-141(b) authorizes a defendant to move for dismissal "in an action tried by the court without a jury. . ."[1]

In the case before us the trial was before a jury, not the court without a jury. The defendant's motion for dismissal at the close of the plaintiffs' case was a motion for a directed verdict under § 81A-150 (a), not a motion under § 81A-141 (b). Thus § 81A-152 (a) is not applicable and the court did not err in failing to make findings of fact and conclusions of law.

2. The appellants contend that the trial court erred in construing the document labeled "Deed of Gift to Remainder Interest" as a valid inter vivos conveyance. They argue that the instrument sought to create an estate in the future (i.e., upon the death of the donor) and therefore is testamentary in nature. The instrument states that in consideration of love and affection the grantor "has given, granted and conveyed and by these presents does give, grant and convey unto the said grantee, her heirs and assigns, the remainder interest in

---

[1] Although § 81A-152 (a) uses the words "except as provided in section 81A-141 (b)," § 81A-141 (b) is not as specific as its federal rule counterpart, Rule 41(b) F. R. Civ. P., in providing for findings of fact.

and to the following described property: . . . To have and to hold the said remainder interest in and to said described property, together with all and singular its rights, members and appurtenances, to the said grantee, her heirs, executors, administrators and assigns, forever, in fee simple, reserving unto the said grantor an estate in said described property for and during her natural life."

We find no error in the court's construction of the instrument as a valid inter vivos deed. See *Black v. Poole,* 230 Ga. 129 (196 SE2d 20) (1973); *Montgomery v. Reeves,* 167 Ga. 623 (1) (146 SE 311) (1929); *Shelton v. Edenfield,* 148 Ga. 128 (1) (96 SE 3) (1918); *Moye v. Kittrell,* 29 Ga. 677 (1859); Code Ann. § 113-102.

3. The directed verdict was granted on the ground that the action was not commenced within seven years of the date of the discovery by the plaintiffs of the alleged fraud. The complaint was filed March 16, 1973. Plaintiff Ann Thomas testified that she knew of the alleged fraud prior to her mother's execution of her will on July 2, 1963. Plaintiff Solomon Kersey testified that he learned of the alleged fraud prior to the time the will was probated on May 3, 1965.

The named plaintiffs contend that J. B. Kersey and Ezra Kersey were also plaintiffs and that there is no proof that Ezra Kersey knew of the fraud for seven years prior to the filing of the complaint on March 16, 1973. The original complaint was filed by Ann Thomas and Solomon Kersey. J. B. Kersey and Ezra Kersey were named as defendants along with Sue Gill Jackson. On May 15, 1973, Ezra Kersey and J. B. Kersey filed their "endorsement." On October 11, 1973, plaintiffs Ann Thomas and Solomon Kersey amended their complaint but they did not include J. B. Kersey and Ezra Kersey as plaintiffs. At no time did the court order a realignment of the parties. The question is whether the "Endorsement" filed by J. B. Kersey and Ezra Kersey in which they joined in the prayers of the original plaintiffs is sufficient to realign the parties so that they, originally named as defendants, are now to be treated as plaintiffs.

No case directly in point has been cited or found. Code Ann. § 81A-119 concerns the joining of persons needed for

just adjudication. It provides for a court order to join a person when necessary who is not already a party. Code Ann. § 81A-121 states that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In *Clover Realty Co. v. Todd,* 237 Ga. 821 (1976), construing § 81A-121, this court upheld dismissal by the court of a party added by amendment where there was no motion or order allowing such party to be added. In *Robinson v. Bomar,* 122 Ga. App. 564, 567 (177 SE2d 815) (1970), the Court of Appeals held that a third-party defendant's status cannot be changed to that of a party defendant by amendment without leave of court, expressing the view that the status of parties cannot be altered or changed except under the supervision of the court. Code Ann. § 81A-124 provides that, by timely motion, certain persons shall be permitted to intervene and others may be permitted to intervene. Implicit in these requirements is the further requirement of an order allowing intervention. Reading these sections together, we construe the Civil Practice Act as requiring an order of court realigning a defendant as a plaintiff. See 3A Moore's Federal Practice § 19.03[1]. If the rule were otherwise, one of two defendants could simply realign himself as a plaintiff and thereby avoid any verdict and judgment entered in the case. There being no order of realignment, the trial court did not err in recognizing only the two named plaintiffs and in directing a verdict against them.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 26, 1976 — REHEARING DENIED DECEMBER 9, 1976.

*Albert E. Butler,* for appellants.

*Jones, Osteen & Jones, Billy N. Jones, John Johnson,* for appellees.