## 32927. WORTHEN v. JONES et al.

HILL, Justice.

Lewis E. Jones, a resident of Catoosa County, filed suit in Catoosa Superior Court on June 10, 1977, against Joseph B. Woods Walker, a resident of Tennessee appointed administrator by the Probate Court of Catoosa County of the estates of Dolphus Woods and Mary D. Woods, deceased, seeking specific performance of a $52,500 contract for sale of 159 acres of land in Catoosa County and execution of an administrator's deed to that land. On July 5, 1977, Grady Nathaniel Worthen filed motion to intervene as defendant and attached a cross claim against the defendant administrator and counterclaim against the plaintiff as provided in Code Ann. § 81A-124.

The movant asserted intervention as a matter of right by claiming an interest in the property which was the subject matter of the suit. In fact, movant claimed that as an heir of Dolphus and Mary Woods who died intestate in 1917 and 1937 respectively, he owned an interest in the 159 acres, and the disposition of the action would impair his ability to protect his interest and that his interest was not adequately represented by the existing parties. The counterclaim alleged that the plaintiff had cut $25,000 worth of timber on movant's property.

The motion to intervene was set for hearing on July 20, 1977. On that day plaintiff filed objections to the intervention. The matter was taken under advisement by the court awaiting briefs from plaintiff and movant. Instead of filing a brief, on July 25 plaintiff filed notice of voluntary dismissal pursuant to Code Ann. § 81A-141 (a). Movant to intervene promptly objected to plaintiff's voluntary dismissal but the trial court overruled that objection on July 29. Movant to intervene appeals.

Code Ann. § 81A-141 (a) provides basically that an action may be dismissed by the plaintiff without order of court by filing notice of dismissal at any time before verdict, except "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion [sic] to dismiss, the action shall not be dimissed against the defendant's objection unless the counterclaim

can remain pending for independent adjudication by the court."

The issue in this case is whether movant's ungranted motion to intervene with counterclaim constituted a "counterclaim . . . pleaded by a defendant" within the meaning of Code Ann. § 81A-141 (a) so as to prevent plaintiff's voluntary dismissal. Although the provision might be strictly construed to say that movant was not yet a defendant who had pleaded a counterclaim, the Civil Practice Act is not to be strictly construed but is to be construed to secure the just, speedy and inexpensive determination of every action. Code Ann. § 81A-101.

The purpose of the counterclaim limitation on voluntary dismissals is to prevent a plaintiff from invoking the jurisdiction of the court and then withdrawing when the defendant seeks affirmative relief from the plaintiff. In *Arrendale v. Arrendale,* 228 Ga. 295 (185 SE2d 83) (1971), the wife sued for divorce, and obtained a temporary order awarding child custody. After the husband filed a motion to hold her in contempt for violation of the custody order, she dismissed her complaint. The trial court found the dimissal to be ineffectual and held her in contempt. This court affirmed, finding that, like a counterclaim, the husband's motion for contempt sought affirmative relief. The effect of *Arrendale,* supra, is that although a strict reading of Code Ann. § 81A-141(a) might allow voluntary dismissal, it is to be interpreted so as to do substantial justice. See also *Jones v. Burton,* 238 Ga. 394 (233 SE2d 367) (1977).

We find that a motion to intervene as a defendant accompanied by a counterclaim is sufficient to satisfy the counterclaim requirement of Code Ann. § 81A-141(a) and preclude the plaintiff from voluntarily dismissing his suit pending decision on the motion to intervene. In so doing, we decline to follow S. C. Johnson & Son, Inc. v. Boe, 187 FSupp. 517 (E. D. Pa. 1960).

*Judgment reversed. All the Justices concur, except Hall, J., who dissents.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 28, 1977 — REHEARING DENIED DECEMBER 15, 1977.

*Frank M. Gleason, James A. Secord,* for appellant.
*Clifton M. Patty, Jr.,* for appellees.

HALL, Justice, dissenting.

I would affirm the ruling of the trial court. It appears clear to me that the trial court was following the rulings of this court in *Thomas v. Jackson,* 238 Ga. 90 (231 SE2d 50) (1976) and *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976). These decisions hold that a person who seeks to intervene does not become a party until there is an order of the court. If there is no party, there is no "counterclaim pleaded by a defendant" under Code Ann. § 81A-141(a) so as to prevent the plaintiff's voluntary dismissal. "It is axiomatic that a court cannot rule upon the validity of an action against a defendant if that defendant is not a party to the case." *Clover Realty Co. v. J. L. Todd Auction Co.,* 240 Ga. 124, 125 (1977). None of these cases is discussed in the majority opinion.