A89A0282. CAWTHON et al. v. WACO FIRE & CASUALTY INSURANCE COMPANY et al.
(380 SE2d 327)

BANKE, Presiding Judge.

The Cawthons' minor son, Robert, was struck and killed by an automobile while attempting to cross a heavily-trafficked highway in anticipation of boarding a school bus being driven by Ms. Margie Humphries. They brought suit against Humphries and her employer, the Baldwin County Board of Education, and also against the individual members of the Board and the Baldwin County School District, seeking to recover damages for the child's death based on allegations that, in attempting to cross the highway prior to the arrival of the bus, he had been acting on instructions from Humphries to the effect that he was required to be waiting at the stop when the bus arrived. While the wrongful death action was pending, Waco Fire & Casualty Insurance Company, which had issued a policy of motor vehicle accident insurance to the school board providing coverage against liability "resulting from the ownership, maintenance or use" of the school bus in question, filed a declaratory judgment action against all of the parties seeking a determination that the accident was not covered by the policy.

At the time the accident occurred, the bus had not yet reached the stop where the decedent would have boarded it but was either approaching that stop or was still at the preceding stop, less than a tenth of a mile away. In a prior appearance of this case before this court, we concluded that the act of loading the bus could properly be considered a "use" of the vehicle within the contemplation of the policy and further concluded as follows: "[A] question of fact exists whether Humphries, the bus driver, either explicitly ordered the Cawthon children to cross the highway prior to the arrival of the school bus or inadvertently instructed Eunesia Cawthon [the decedent's sister] in such a manner that the Cawthon children reasonably believed that such was Humphries' order. If that question is resolved in favor of the contention that Robert was acting pursuant to orders from the bus driver, and if it is found that Robert was acting reasonably pursuant to those orders and within the purview of those orders when he attempted to cross the highway as the school bus was allegedly approaching his stop at a distance less than 528 feet away, then the process of loading the school bus may be considered as having been extended by the bus driver to include Robert's actions, thus encompassing liability for Robert's death within the coverage provided by the appellee. However, should it be resolved that Robert was either not acting pursuant to prior crossing instructions from the bus driver or was not acting reasonably within the purview of those orders, then Robert's death would not have occurred within the normal process of loading." *Cawthon v. Waco Fire & Cas. Ins. Co.*, 183 Ga. App. 238, 241-2 (358 SE2d 615) (1987).

Upon remand, the case was tried to a jury, which, in response to written questions submitted by the trial court, found that Humphries had not explicitly ordered or instructed the Cawthon children to cross the highway so as to be at the stop before the bus arrived, nor had she inadvertently given them orders or instructions in a manner which caused them to reasonably believe she was ordering or instructing them to cross the highway before the bus arrived. Having made these findings, the jury did not reach the question of whether the decedent had been acting reasonably within the purview of any such orders or instructions given by Humphries. The trial court entered a declaratory judgment in favor of Waco on the basis of this verdict, following which the Cawthons filed a motion for new trial, as well as a motion to dismiss the action for lack of subject-matter jurisdiction. Both motions were denied, and this appeal follows. *Held*:

1. The Cawthons contend that because the factual and legal positions of the school board and its insurer became identical upon the remand of the case to the trial court following the previous decision of this court, there was no longer any justiciable controversy to be resolved, with the result that the action should have been dismissed for

lack of subject-matter jurisdiction. "The rule seems to be clear and well settled in this and other jurisdictions, that failure to name an adverse party or parties with an antagonistic interest is fatal to justiciability in an action for declaratory relief." *Pilgrim v. First Nat. Bank of Rome*, 235 Ga. 172, 174 (219 SE2d 135) (1975). That requirement was certainly met in this case prior to the initial decision of this court; and, by virtue of the dispute over coverage which continued to exist between Waco and the Cawthons, it continued to be met subsequent to that decision. Only "where no party to the proceeding has an interest in the controversy adverse to that of the petitioner" is there a complete absence of a justiciable controversy. Id. The trial court did not err in denying the Cawthons' post-trial motion to dismiss the action for lack of subject-matter jurisdiction.

2. Complaining that as a result of the manner in which the parties were aligned they received only three jury strikes, while the insured and the insurer (who were asserting identical factual and legal positions) received a total of nine, the Cawthons contend that the trial court erred in denying their motion to realign the parties as their true interests appeared. This enumeration of error is also without merit. As Waco has pointed out, it is not at all unusual for co-defendants in a declaratory judgment action to have adverse interests. While "other jurisdictions may grant multiple parties more peremptory strikes than they are ordinarily entitled to when the court determines that the parties' interests are adverse . . . , the courts in Georgia have specifically declined to adopt this exception to the general rule." *Sheffield v. Lewis*, 246 Ga. 19, 22-3 (268 SE2d 615) (1980). Accord *King v. Thompkins*, 186 Ga. App. 12, 14 (3) (366 SE2d 340) (1988). The federal authorities relied upon by the Cawthons in connection with this enumeration of error are inapposite in that they deal with the issue of whether a plaintiff may assert federal diversity jurisdiction on the basis of the residence of a co-defendant whose ultimate interest in the outcome of the action is the same as the plaintiff's.

3. The Cawthons contend that the trial court erred in allowing the issue of the decedent's negligence to be interjected into the case, when the pre-trial order had specified that "[t]he question of the negligence of any person is not relevant to any issue and upon the trial of the case evidence of the same will not be admitted." Because the jury did not reach the issue of whether the decedent had been acting reasonably in attempting to cross the highway before the bus arrived but confined itself to the issue of whether Humphries had instructed the children to do so or had given instructions which could reasonably have been misinterpreted to that effect, we conclude that any error which may have resulted from allowing the jury to consider the reasonableness of the decedent's conduct was harmless.

4. The trial court did not err in charging the jury that "facts

which are consistent with either of two opposing theories prove nothing." This was a correct statement of law in the abstract, see, e.g., *Ladson Motor Co. v. Croft*, 212 Ga. 275, 277 (92 SE2d 103) (1956); and, because the court had previously instructed the jury that the burden was on Waco, as plaintiff, to prove its case by a preponderance of the evidence, the charge would appear to have been favorable to the Cawthons.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 9, 1989 —
REHEARING DENIED MARCH 16, 1989 —

*Waddell, Emerson, George & Buice, Elmarie A. Emerson, Manley F. Brown, Rainwater & Christy, David N. Rainwater, Lamar W. Sizemore, Jr.*, for appellants.

*Drew, Eckl & Farnham, James M. Poe, Gardner & Gardner, Milton F. Gardner*, for appellees.