## 46877. CAWTHON et al. v. WACO FIRE & CASUALTY INSURANCE COMPANY et al.
### (386 SE2d 32)

BELL, Justice.

We granted certiorari in this case, *Cawthon v. Waco Fire &c. Ins. Co.*, 190 Ga. App. 797 (380 SE2d 327) (1989), to consider whether the trial court erred in denying appellants' motion to realign several of the named defendants as plaintiffs. The Court of Appeals concluded that the trial court did not err. Id. at 799. We disagree, and reverse.

The facts of this case are set out in detail in the Court of Appeals' opinion, and will not be reiterated in full now. The Cawthons' minor son, Robert, was struck and killed by an automobile while attempting to cross a three-lane highway to catch a school bus that was driven by Margie Humphries. The Cawthons sued Humphries, the Baldwin County Board of Education (Humphries' employer), the individual members of the school board, and the Baldwin County School District. Humphries, the school board, the school board's individual members, and the school district hereinafter will collectively be referred to as the insureds.

One of the appellees, Waco Fire and Casualty Insurance Company (hereinafter referred to as Waco), had issued an insurance policy to the Baldwin County Board of Education, covering "liability resulting from the ownership, maintenance, or use" of school buses. While the wrongful-death action was pending, Waco filed a declaratory judgment action against the Cawthons and the insureds, seeking a determination that the accident was not covered by the policy. After the trial court granted summary judgment to Waco, the Court of Appeals reversed and remanded for a determination of certain factual issues. *Cawthon v. Waco Fire &c. Ins. Co.*, 183 Ga. App. 238, 241-242 (358 SE2d 615) (1987). Upon remand, the insureds presented the same legal and factual contentions as Waco, as a resolution of the factual issues in favor of Waco and the insureds would defeat the Cawthons' wrongful-death action. See *Cawthon*, supra, 190 Ga. App. at 797-798.

Before trial the Cawthons moved the trial court to realign the insureds as plaintiffs. They contended that the insureds and Waco had the same interests and that the Cawthons would be prejudiced by proceeding to trial with the insureds as defendants. In particular, the Cawthons were concerned that they would be forced to share jury strikes with the insureds. The trial court denied the Cawthons' motion to realign the parties, stating that it felt the alignment of parties was unfair but that it had no authority to realign parties. As a result, the trial court allocated jury strikes as follows: six to Waco, as plaintiff; three to the Cawthons; and three to the insureds.

On appeal the Cawthons contended that the trial court erred in denying its motion to realign the parties. The Court of Appeals held

as follows:

> This enumeration of error is . . . without merit. As Waco has pointed out, it is not at all unusual for co-defendants in a declaratory judgment action to have adverse interests. While "other jurisdictions may grant multiple parties more peremptory strikes than they are ordinarily entitled to when the court determines that the parties' interests are adverse . . . , the courts in Georgia have specifically declined to adopt this exception to the general rule." *Sheffield v. Lewis*, 246 Ga. 19, 22-3 (268 SE2d 615) (1980). [*Cawthon*, supra, 190 Ga. App. at 799.]

Although the Court of Appeals stated the correct rule that multiple parties that are aligned on the same side of a case and have adverse interests are not entitled to additional peremptory strikes, the Court of Appeals did not specifically address whether trial courts in this state have the discretion to realign parties. We conclude that trial courts do have the discretion to realign parties in the interest of justice.

In *Thomas v. Jackson*, 238 Ga. 90, 93-94 (3) (231 SE2d 50) (1976), we implicitly recognized that a trial court has the discretion to realign parties, by holding that to do so the court must enter an order realigning a defendant as a plaintiff. In reaching this conclusion we relied, inter alia, on OCGA § 9-11-21, which provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Moreover, *Wright, Miller and Kane, Federal Practice and Procedure*: Civil 2nd, § 1683, p. 448, notes that Rule 21 of the Federal Civil Practice Act, which is identical to our Rule 21, has been invoked to realign parties. Accord *First Nat. Bank of Shawnee Mission v. Roeland Park State Bank &c. Co.*, 357 FSupp. 708, 711 (1) (Dist. Ct. Kan. 1973).

We thus conclude that a trial court does have the discretion, "at any stage of the action and on such terms as are just," § 9-11-21, to realign the parties.[1]

Accordingly, in the instant case the trial court erred in conclud-

---

[1] In Texas, trial courts are required by statute to properly align parties before allocating peremptory strikes. The Texas courts have determined that the alignment should be made before the exercise of peremptory challenges, and that trial courts should consider the pleadings, discovery information, other pretrial information, and information revealed during voir dire in making the alignment determination. E.g., *Patterson Dental Co. v. Dunn*, 592 SW2d 914, 917-919 (Tex. 1979); *Perkins v. Freeman*, 518 SW2d 532, 533-534 (Tex. 1974). Such information would be relevant to a trial court's decision whether to realign parties under the decision we announce today.

ing it did not have discretion to realign the parties. Moreover, we conclude that if the trial court had exercised its discretion and denied the Cawthons' motion to realign, the denial would have been an abuse of discretion under the circumstances of this case. Those circumstances include the fact that the denial would have given (as did the court's failure to exercise its discretion) the Cawthons only three jury strikes, but would have given the parties asserting contrary legal and factual contentions nine jury strikes. See *Sheffield v. Lewis, supra,* 246 Ga. at 21-22.

We thus conclude that the Cawthons are entitled to a new trial.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents. Gregory, J., disqualified.*

DECIDED NOVEMBER 30, 1989.

*Waddell, Emerson, George & Buice, E. Angela Emerson, O'Neal, Brown & Sizemore, Manley F. Brown, Rainwater & Christy, David N. Rainwater,* for appellants.

*Drew, Eckl & Farnham, James M. Poe, Gardner & Gardner, Milton F. Gardner,* for appellees.