## A03A0994. COFFIELD v. KUPERMAN.
### (604 SE2d 288)

BARNES, Judge.

On March 25, 2003, we dismissed Faye Coffield's appeal upon finding that she had not been made a party to the original action, and thus had no standing to appeal. Coffield then petitioned the Supreme Court of Georgia for writ of certiorari. The Supreme Court granted the petition and remanded the case to this court for a determination of whether this court had jurisdiction to hear Coffield's appeal. Because we find that we are without jurisdiction over Coffield's case, we must again dismiss this appeal.

Under OCGA § 5-6-33 (a) (1), "[e]ither party in any civil case and the defendant in any criminal proceeding in the superior, state, or city courts may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers." However, "only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so." *Robinson v. Dept. of Transp.,* 185 Ga. App. 597, 601 (364 SE2d 884) (1988).

In February 1988, the Lomas and Nettleton Company, as the first mortgage holder on 56 of the 66 condominium units comprising the Springside Condominium Association, Inc., filed a complaint against the Association, and petitioned for the appointment of a receiver to protect its interest in the condominiums. It argued that the Association had failed to initiate and collect sufficient assessments for the Association's existing debt, failed to pay the Association's bills, and failed to pay common expenses. Lomas and Nettleton complained that among these debts was an outstanding water bill owed to the City of Atlanta in excess of $14,773.77. The property has a common water meter.

The trial court appointed a receiver to act in the Association's stead and issued a temporary restraining order prohibiting the Association from acting on behalf of the condominiums. In an amendment to this order, the trial court also directed the receiver to collect past due assessments and declared that a homeowner's failure to pay could result in a finding of contempt. The trial court later authorized

$109,407 for repair of the exterior of the property. Following the initial receiver's death, Donald B. Kuperman was selected as a replacement receiver.

In June 1999, a fire damaged the unit owned by Coffield and another homeowner. In September, October, and November 1999, the court held hearings concerning the lack of repairs to the units and the Association's responsibilities. Following the hearings, the homeowners "inundated" the trial court with telephone calls complaining that the repairs were not being made. In November 1999, the receiver issued a report about the status of the fire repairs in which he complained that Coffield was interfering with the progress of the work. On December 7, 1999, the trial court issued an order directing that certain repair work be done "with all due haste," and instructing Coffield to refrain from disrupting the work.

Coffield filed a motion for contempt against Kuperman in January 2000. Later that same month, Kuperman filed motions for contempt and sanctions against Coffield, again complaining that Coffield was interfering with the contractor's attempted repairs. In December 2000, the trial court issued an order denying Coffield's motion for contempt, and granting Kuperman's contempt motion "insofar as its seeks to ensure [the contractor] will be allowed to complete the work set forth in this Court's 12/7/99 Order." It also enjoined Coffield from interfering with the repair work and directed her to give contractors access to her unit. Kuperman eventually reported to the court that all repairs had been completed, and in March 2001, the trial court entered an "Order Acknowledging Completion of the Fire-Related Repairs." Coffield subsequently filed a noncompliance motion listing those items that did not comply with the court's earlier order, which the court denied. Coffield filed a motion for reconsideration, which was also denied. It is from the order denying Coffield's noncompliance motion that she filed this direct appeal.

Although the trial court entertained Coffield's motions, entered an order which was only applicable to her, and even entered a restraining order against her, OCGA § 9-8-5 provides that "[w]here property has been placed in the hands of a receiver, all persons properly seeking to assert equitable remedies against such assets shall become parties to the case *by intervention* and shall prosecute their remedies therein." (Emphasis supplied.) The requirements for intervention are outlined in OCGA § 9-11-24. Subsection (a) (1) provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . [w]hen a statute confers an unconditional right to intervene." Coffield had the statutory right to intervene under OCGA § 9-8-5. The procedure for intervening is stated in subsection (c) of OCGA § 9-11-24:

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Code Section 9-11-5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.

At no point did Coffield file a motion to intervene to become a party in this case, and at no point did the court add her as a party. Intervention must be authorized by order of the court. *Thomas v. Jackson*, 238 Ga. 90, 94 (3) (231 SE2d 50) (1976). This is so even if the party is deemed necessary to the action. Id. And, whether a person is a party to an action must be ascertained exclusively by an inspection of the record. *State Bar of Ga. v. Beazley*, 256 Ga. 561, 563 (1) (b) (350 SE2d 422) (1986); accord *In re Stroh*, 272 Ga. 894 (534 SE2d 790) (2000) (interested third party not authorized to appeal because nonparty). Thus, although the order denying Coffield's noncompliance motion expressly names her, the record reveals that she was never made a party to this lawsuit. Accordingly, "[Coffield], not being [a party] to the receivership proceeding, [had] no standing to file motions in that proceeding." *Cipolla v. Fed. Deposit Ins. Corp.*, 244 Ga. 444 (260 SE2d 482) (1979).

While Coffield contends that the trial court never informed her that she was required to intervene in the case, and that because she is a pro se litigant, the rules of procedure should not be strictly applied to her, a party's pro se status does not excuse her from her duty to follow the procedures required by statute. She "is not held to a different or more lenient standard in this regard merely because [she] elected to proceed pro se. One who knowingly elects to represent [her]self assumes full responsibility for complying with the substantive and procedural requirements of the law." (Punctuation omitted.) *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002).

Consequently, because only a party is entitled to appeal, *Robinson v. Dept. of Transp.*, supra, 185 Ga. App. at 601, and Coffield failed to become a party in this case, she is not entitled to appeal. See *Whitby v. Maloy*, 145 Ga. App. 785, 788 (4) (245 SE2d 5) (1978) (appeal of nonparty insurance company dismissed even though trial court ruled that the company was required to provide defense to one of the parties); *United States Fire Ins. Co. v. Farris*, 146 Ga. App. 177 (245 SE2d 868) (1978) (appeal dismissed because insurance company had been removed as party and another party substituted).

While we recognize that Coffield may have believed that she was a party to the case because of the procedures employed by the trial court, we cannot ignore the mandate of OCGA § 9-11-24 and the

Supreme Court of Georgia precedent requiring that intervention be authorized by order of the Court. See *Thomas v. Jackson,* supra, 238 Ga. at 94. Thus, Coffield was required to either intervene in the underlying action, or undertake a separate action against the receiver. Accordingly, because Coffield was not a party in the underlying action, her appeal is without effect, and must be dismissed.

*Appeal dismissed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 2, 2004 — 

Faye Coffield, *pro se.*
*Donald B. Kuperman*, pro se.

