## 69832. FOOD GIANT, INC. v. BROWN.
### (330 SE2d 183)

McMURRAY, Presiding Judge.

This is a workers' compensation case. Claimant sustained a compensable back injury on January 15, 1980. At that time, claimant was employed by Alterman Foods, Inc., now Food Giant, Inc. Benefits were suspended on August 4, 1980, because it was determined that the claimant was able to return to work on May 22, 1980. In the meantime, claimant suffered another back injury on July 5, 1980. The second injury was non-compensable inasmuch as it occurred while claimant was trying on a pair of shoes in a nationally known department store. Following the department store incident claimant was hospitalized and she required surgery. She was released by her physician to return to work on April 19, 1981, with various restrictions. Appellant employer would not give the claimant a job because of the restrictions. Thereafter, the claimant requested a change in condition to reinstate compensation. At the hearing, it was stipulated that the claimant's disability from July 5, 1980, through April 19, 1981, was caused by the second (non-compensable) injury. Thus, there was no claim for weekly income benefits during that period.

Following the hearing, the administrative law judge determined that the claimant's present partial disability was related to the second injury and not to the compensable injury suffered at Food Giant, Inc. Accordingly, the claimant's request for a change in condition was denied. The full board reversed, with one member dissenting. It held that "the continued loss of income after April 19, 1981, is attributable to the original on-the-job injury and resultant limitations rather than the second injury . . ." In its award, the full board directed the employer to recommence weekly benefits *commencing August 4, 1980*. On appeal to the DeKalb Superior Court, the decision of the board was reversed and the claim was remanded with direction that the board consider the effect of the stipulation of the parties. On remand,

the full board (one member dissenting) determined that the stipulation did not have to be accepted as a fact and that the stipulation was in conflict with the evidence. Thus, the board adhered to its initial decision. Upon the second appeal to the superior court, the award of the board was affirmed. We granted the employer's application for a discretionary appeal and this appeal followed. *Held*:

The stipulation was entered between the parties in open court. Accordingly, the stipulation was conclusive so as to preclude the introduction of contradictory evidence. *Grizzle v. Fed. Land Bank*, 145 Ga. App. 385, 389 (244 SE2d 362); *School Boy Sportwear Corp. v. Cornelia Garment Co.*, 106 Ga. App. 99, 101 (2) (126 SE2d 248). In other words, the stipulation operated to eliminate the issue of claimant's right to receive weekly benefits between July 1980 and April 19, 1981. *Evans v. Thompson*, 143 Ga. 61 (84 SE 128). Accordingly, the full board (one member dissenting) erred in considering any evidence which conflicted with the stipulation. To rule otherwise would be to work an injustice upon the employer which prepared its case on the basis that the stipulation was binding. See *Wallace v. Matthews*, 39 Ga. 617, wherein the court held that a litigant may withdraw a stipulation concerning the issues to be tried *provided* that there is sufficient time after the withdrawal of the admission for the preparation of the case. Here the employer tried the case based upon the stipulation that claimant was not seeking weekly benefits for the July 1980 through April 1981 time period. Apparently, the administrative law judge determined the case with this stipulation in mind. Yet, on appeal, the full board (one member dissenting) chose to ignore the stipulation and to rule against the employer on the issue of benefits during the interval in question even though the employer did not have an opportunity to present evidence upon that issue. This was erroneous. It follows that the superior court erred in affirming the award of the board.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED APRIL 3, 1985.

*H. Durance Lowendick*, for appellant.
*Thomas F. Brown II*, for appellee.