### 77185. DRIVER v. M & O, INC.
(376 SE2d 220)

McMURRAY, Presiding Judge.

William W. Driver ("claimant") filed a claim with the State Board of Workers' Compensation to recover benefits from M & O, Inc. ("M & O") for injuries he allegedly sustained while in the employment of M & O. In its response, M & O stated that it "is not and has never been claimant's employer. Claimant was at all times relevant to this claim an employee of Mr. Earl Hall . . . , who was a subcontractor for M & O, Inc., and who should be added as a party to this action."

At a hearing, claimant asserted that he "is a statutory employee" under OCGA § 34-9-8 (a). This Code subsection provides that "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer."

M & O complained that claimant "should have given [it] at least reasonable notice [before the hearing] that it was a statutory employer claim." Nonetheless, M & O reiterated its admission via stipulation "that while in the employment of Earl Hall who was the subcontractor for M & O, Incorporated, working on a job for M & O, Incorporated, that [claimant] did apparently fall and hurt himself." The Administrative Law Judge ignored the stipulation and considered evidence regarding claimant's relationship with his co-workers. As a result, the Administrative Law Judge entered an order and denied claimant's claim based on a finding that claimant was in "an equal partnership" with "Earl Hall and Joe List" and determined that claimant was a subcontractor of M & O, not a statutory employee. The State Board of Workers' Compensation adopted the holding of the Administrative Law Judge and the superior court affirmed the award. Claimant then filed an application for appeal with this court and we granted an appeal to determine whether the Administrative Law Judge erred in ignoring M & O's stipulation. *Held*:

"The stipulation was entered between the parties in open court. Accordingly, the stipulation was conclusive so as to preclude the introduction of contradictory evidence. *Grizzle v. Fed. Land Bank*, 145 Ga. App. 385, 389 (244 SE2d 362); *School Boy Sportswear Corp. v. Cornelia Garment Co.*, 106 Ga. App. 99, 101 (2) (126 SE2d 248)" *Food Giant v. Brown*, 174 Ga. App. 485, 486 (330 SE2d 183). Consequently, the Administrative Law Judge erred in considering evidence

regarding claimant's employment status and ignoring M & O's stipulation. It follows that the superior court erred in affirming the award of the board. See *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847) and Green, Ga. Law of Evidence (3rd. ed.), pp. 421-426, § 238. The case is remanded for consideration by the finder of fact of M & O's stipulation.

*Judgment reversed and case remanded. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 21, 1988 —
REHEARING DENIED DECEMBER 5, 1988.

*George & George, William V. George, Lavinia B. George*, for appellant.
*Donald R. Foster*, for appellee.
Earl Hall, *pro se.*