S91A1466. HODGES v. HODGES.
(413 SE2d 191)

BENHAM, Justice.

At the trial of the parties' divorce, they stipulated that alimony would consist of the transfer from husband to wife of title to a specific new car. When the trial court entered judgment, however, it specifically rejected the stipulation, noting that it was entered into because the husband threatened otherwise to take away the dealership demonstrator the wife was driving (they both worked for car dealerships in which he has an ownership interest). Having rejected the stipulation, the trial court awarded the wife a significantly higher amount of alimony, a lump sum award of $75,000 as opposed to less than $12,000 for the car. We granted the husband's application to

consider both the authority of the trial court to reject the stipulation and the propriety of the timing of that rejection.

1. A stipulation is any agreement made by attorneys respecting business before the court (*McDaniel v. Oliver*, 172 Ga. App. 109 (322 SE2d 1) (1984)), and the stipulation in this case was an agreement regarding alimony. Notwithstanding the binding effect of stipulations on the parties (see *McDaniel v. Oliver*, supra), agreements concerning alimony may be approved or disapproved in whole or in part by the trial court in the exercise of its discretion. *Vereen v. Vereen*, 226 Ga. 500 (2) (175 SE2d 865) (1970). Particularly when duress is shown, the trial court can refuse to approve such an agreement. *Williams v. Williams*, 243 Ga. 6 (2) (252 SE2d 404) (1979). Here, the trial court found a species of duress in the threat to take away the car the wife was driving. Under those circumstances, we find no abuse of discretion in the trial court's rejection of the stipulation entered into by the parties.

2. Remaining for consideration is the timing of the trial court's rejection of the stipulation. The husband's complaint is that the failure of the trial court to inform the parties that the stipulation would not be honored wrongfully deprived them of the opportunity to present evidence on the issue of alimony. We agree.

A trial judge

"has a discretion in regulating and controlling the business of the court and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from the abuse." [Cit.] [*Gwinnett County v. Vaccaro*, 259 Ga. 61 (3) (376 SE2d 680) (1989).]

In the present case, we find the denial of the parties' right to present evidence on the issue of alimony to be such an abuse of discretion. Although it is obvious from the detailed analysis of financial matters in the trial court's order that evidence was taken concerning the worldly circumstances of the parties, there are other factors to be considered in an award of alimony. See, e.g., the factors enumerated in OCGA § 19-6-5 (a). The parties in this case were not given the opportunity to address those factors. We hold, therefore, that the trial court's failure to inform the parties during the trial that the stipulation was unacceptable, or to afford them an opportunity in a later hearing to address the issue with evidence, was reversible error.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

*Susan M. Reimer,* for appellant.
*Fleming, Blanchard & Bonner, M. Kay Jackson, Richard A. Ingram, Jr.,* for appellee.