S97A1368, S97X1369. FRANZ v. FRANZ; and vice versa.
(490 SE2d 377)

HUNSTEIN, Justice.

Phyllis Gail Franz filed for divorce from Charles Franz, her husband of 28 years, and sought alimony, equitable division of the marital estate, custody of the couple's minor child, and support for that child. Mr. Franz answered, claiming that alimony should be disallowed due to his wife's desertion. The day trial was scheduled, the parties announced they had agreed to a settlement of all issues and, after a hearing, the trial judge instructed the parties to submit an agreement and divorce decree to the court. However, the agreement was not submitted. The trial court denied Mr. Franz's subsequent motion to enforce the agreement and the matter proceeded to trial, where the jury heard evidence that Mr. Franz received a monthly gross payment of $2,760 in military retirement pay and had a private-sector job that paid $7,333 gross a month ($88,000 a year) for a monthly total gross income of $10,093 ($121,116 a year). Nevertheless, the jury valued Mr. Franz's gross income at $94,506 per year, set child support at 17 percent ($1,340 a month), found that no special circumstances existed under OCGA § 19-6-15 (c), gave Ms. Franz half of Mr. Franz's military retirement pay, and awarded her no alimony.

We granted Ms. Franz's application for discretionary appeal to consider the limited issue whether, upon the proper application of the requirements of OCGA § 19-6-15, the jury's calculation of Mr. Franz's gross income was authorized by the evidence in this case. Finding that calculation to be error, we reverse and remand for a new trial solely on the issue of child support. We affirm the trial court's ruling on the enforcement of the settlement agreement, which Mr. Franz raises in his cross-appeal.

1. The Child Support Guidelines laid down in OCGA § 19-6-15 (b) and (c) are mandatory and must be considered by any trier of fact setting the amount of child support. *Pruitt v. Lindsey,* 261 Ga. 540, 541 (1) (407 SE2d 750) (1991). Application of the guidelines creates a rebuttable presumption that the amount of support calculated within the correct percentages (17 to 23 percent) is the correct amount of support, OCGA § 19-6-15 (b) (5), and deviation from the percentages requires a written finding of special circumstances. Id. at (c).

While we recognize there will be instances in which the factual determination of the amount of gross income may involve conflicting

evidence, that is not the case here where the evidence adduced by Mr. Franz himself clearly established the correct amount of his gross income. We find no merit in Mr. Franz's argument that the jury, in determining gross income, was entitled to "discount" amounts such as the retirement pay awarded to Ms. Franz, the minor child's college costs, insurance premiums, etc. These considerations had no relevancy whatsoever to the jury's determination of Mr. Franz's gross income. Rather, such matters became relevant only when the jury turned to consider whether the range of child support set forth in the statute should be varied because of the presence of the special circumstances set forth in OCGA § 19-6-15 (c). Such special circumstances expressly include other support a party is providing or will be providing, id. at (9); the income of the custodial parent, id. at (15); and "[a]ny other factor which the trier of fact deems to be required by the ends of justice." Id. at (18). However, the jury in this case found no special circumstances existed to vary the amount of child support under the guidelines.

The record in this case establishes that the jury failed to calculate correctly the gross income of Mr. Franz. Therefore, because the jury failed to properly apply OCGA § 19-6-15, the judgment is reversed and this case is remanded to the trial court for a new trial on the issue of child support.

2. Ms. Franz's other contention of error is not addressed because it is outside the limited scope of the grant of discretionary review. *Grim v. Grim*, 268 Ga. 2 (2) (486 SE2d 27) (1997).

3. In his cross-appeal, Mr. Franz challenges the trial court's refusal to enforce the settlement agreement between the parties. The record reveals that at the time the parties began negotiating the agreement, Mr. Franz was an officer in the military; by the time Mr. Franz sought to enforce the agreement, he had retired early from the military in order to take a significantly higher-paying job in the private sector. In a divorce action, a settlement agreement, "if accepted by the court, becomes the judgment of the court itself and therefore the court has the discretion to approve or reject the agreement, in whole or in part. [Cit.]" *Bridges v. Bridges*, 256 Ga. 348, 350 (1) (349 SE2d 172) (1986). See also *Pekor v. Clark*, 236 Ga. 457 (1) (224 SE2d 30) (1976). The trial court may exercise its discretion to approve or disapprove an agreement notwithstanding the binding effect of the agreement as to the parties themselves. *Hodges v. Hodges*, 261 Ga. 843 (1) (413 SE2d 191) (1992). While the trial court's discretion is not absolute and can be abused, see *Vereen v. Vereen*, 226 Ga. 500, 501 (2) (175 SE2d 865) (1970), we find no such abuse here. The trial court was authorized to conclude, from the hearing on the enforcement motion, that although Mr. Franz had initiated steps to retire from the military which would dramatically alter his financial status, he

allowed Ms. Franz, in total ignorance of those changes, to proceed with the settlement agreement; and that Mr. Franz thereafter sought to have the agreement made the judgment of the trial court knowing that the child support provision was legally insufficient[1] under the facts as they existed at the time he sought the incorporation of the agreement into a divorce decree. Under these circumstances, we find no abuse of discretion in the trial court's denial of Mr. Franz's motion to enforce the agreement. See *Hodges v. Hodges,* supra.

*Judgment affirmed in Case No. S97X1369 and reversed and remanded in Case No. S97A1368. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Hirsch, Partin, Grogan & Grogan, John P. Partin,* for appellant.
*Moore & Dodgen, Andrew C. Dodgen, William C. Moore,* for appellee.

---

[1] The agreement, in facial compliance with OCGA § 19-6-15, reflected an amount of child support that was calculated based upon Mr. Franz's monthly gross income from the military; Mr. Franz's monthly gross income increased by several thousand dollars when Mr. Franz became a private-sector employee.