### S01A0603. BETTY v. BETTY.
(552 SE2d 846)

SEARS, Presiding Justice.

We granted a discretionary appeal in this case to consider two questions. The first is whether the trial court erred in ruling that the fact that the appellee, Mr. Betty, is the legal custodian of a child by another marriage is a special circumstance under OCGA § 19-6-15 (c) (6)[1] when Mr. Betty does not pay child support for the child and does not have physical custody of the child. The second question is whether the trial court erred in finding that Mr. Betty's past due child support obligation to an adult child from a previous marriage is a special circumstance under OCGA § 19-6-15 (c) (6). We conclude that Mr. Betty's legal custody of one child, unaccompanied by child support payments or physical custody, does not constitute a special circumstance under § 19-6-15 (c) (6), and that, on the other hand, Mr. Betty's past due child support obligation to an adult child does constitute a special circumstance. Because the trial court erred in ruling that Mr. Betty's status as legal custodian constituted a special circumstance, we reverse the trial court's ruling on child support, and remand for proceedings consistent with this opinion.

1. Under OCGA § 19-6-15 (c) (6), a trial court is permitted to deviate from the child support guidelines set forth in § 19-6-15 (b) if a trial court finds that a party's support obligations to another household make the "presumptive amount of support either excessive or inadequate." In considering subsection (c) (6), we have held that

> [t]he mere fact of additional children . . . will not justify a reduction in the guideline range. The essential question is whether this additional support obligation renders the presumptive amount of support excessive. The trial court may answer this question only by examining all the relevant circumstances, including the sources of support for the new

---

[1] OCGA § 19-6-15 (c) (6) provides as follows:

(c) The trier of fact shall vary the final award of child support, up or down, from the range enumerated in paragraph (5) of subsection (b) of this Code section upon a written finding that the presence of one or more of the following special circumstances makes the presumptive amount of support either excessive or inadequate:

. . .

(6) A party's other support obligations to another household.

household. By considering not only the fact of additional children, but also the circumstances relevant to the support needs of those children, the trial court will be able to make a determination of support that best balances the children's needs and the parent's ability to pay.[2]

In the present case, the trial court found that Mr. Betty's "legal custodian status," and that status alone, of his minor child by a previous marriage constituted a special circumstance under § 19-6-15 (c) (6). In so ruling, the court acknowledged that the child lives with her mother and that Mr. Betty currently pays no child support for the child. We conclude, however, that a party's mere status as the legal custodian of a child from another marriage, when coupled with the facts that the child is not living with the parent and that the parent pays no child support to the parent with physical custody, sheds no light on the "essential question" of whether a support obligation to that child renders the presumptive amount of support under § 19-6-15 (b) excessive. Accordingly, we remand the case to the trial court for it to determine whether the circumstances relevant to the support of the child in question necessitate a deviation from the child support guidelines.

2. Ms. Betty next contends that the payment of past due child support for a child who is now an adult should not constitute a special circumstance under subsection (c) (6) warranting a deviation from the child support guidelines. More specifically, Ms. Betty contends that subsection (c) (6) was designed to protect children, and she argues that it is contrary to that purpose to permit past due child support for a now adult child to be considered a special circumstance when that past due support will be collected by the mother of that child. For the reasons that follow, we disagree with this contention.

First, the plain language of subsection (c) (6) is broad enough to cover the support obligation in question, as it provides that "support obligations to another household" may be considered as a special circumstance. Significantly, subsection (c) (6) does not limit the support obligations to current obligations to minor children. Second, the fact that the support obligation is past due does not mean that it loses its character as a support obligation. Finally, in considering subsection (c) (6) in *Hoodenpyl*, we concluded that a trial court should "make a determination of support that best balances the children's needs and the parent's ability to pay."[3] Because a parent's support obligation to another household, even if it is not current support for a minor child, impacts a parent's ability to pay support, it is an appropriate factor

---

[2] *Hoodenpyl v. Reason*, 268 Ga. 10, 11 (485 SE2d 750) (1997).
[3] *Hoodenpyl*, 268 Ga. at 11.

for the trial court to consider under subsection (c) (6).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

*Amy A. Petulla*, for appellant.
*Robert L. Stultz*, for appellee.