## A02A0983. CORSON v. MARBEL.
(572 SE2d 397)

SMITH, Presiding Judge.

We granted William G. Corson III's application for discretionary appeal from an order denying his request for child support from his ex-wife, the noncustodial parent. Because the trial court entered no findings to support deviating from the mandatory statutory guidelines for calculating child support, we reverse.

After Corson and Susan Marie Marbel divorced in April 1992, Marbel was awarded custody of their daughter. Corson was obligated to pay child support, maintain health insurance for the daughter, and pay half of her medical expenses not covered by insurance. For eight years, Corson paid $280 per month in child support to Marbel. In 2000, the amount of child support was increased by court order to

---

$548.32 per month. In May 2001, Corson petitioned for a change of custody based upon the now 16-year-old daughter's election. He was awarded temporary custody but no child support.

At an evidentiary hearing, the parties stipulated that the sole issue remaining for resolution was whether due to the change in custody, the child's mother should now be required to pay child support. The undisputed evidence showed that Marbel is gainfully employed and her gross earnings are $2,037.20 per month. Her present husband earns approximately the same income and they have a baby daughter. Marbel admitted their baby has no special needs of any sort. When asked, "Do you feel like you should pay [Corson] any child support?" Marbel said, "No." When asked, "And why not?" Marbel retorted, "I'd rather have my daughter back. I didn't, I never asked for him to take the responsibility of raising her and —." Without entering any factual findings, the trial court denied the requested relief.

Corson contends that the trial court erred in denying an award of temporary and permanent child support to him. He also claims that the trial court erred by failing to make the written findings required by statute or special findings on the record. See *Ehlers v. Ehlers*, 264 Ga. 668, 669 (1) (449 SE2d 840) (1994). We agree. By law,

> [i]t is the joint and several duty of each parent to provide for the maintenance, protection, and education of his or her child until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs, except as otherwise authorized and ordered pursuant to subsection (e) of Code Section 19-6-15[,] and except to the extent that the duty of the parents is otherwise or further defined by court order.

OCGA § 19-7-2. Child support obligations are set by the statutory guidelines that appear in OCGA § 19-6-15 (b) (5). These statutory child support guidelines must be considered by trial courts. See *Urquhart v. Urquhart*, 272 Ga. 548, 550 (2) (533 SE2d 80) (2000).

The mandatory guidelines require that the amount of child support be calculated "by multiplying the obligor's gross income per pay period by a percentage based on the number of children for whom child support is being determined." OCGA § 19-6-15 (b) (5). The application of the statutory guidelines creates a rebuttable presumption that the amount of support indicated by the guidelines is, in fact, the correct amount of support. *Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997). To deviate from the statutory guidelines, the trier of fact must enter a written finding that the existence of one or more of the "special circumstances," as enumerated by OCGA § 19-6-15 (c),

"makes the presumptive amount of support either excessive or inadequate." Id. Here, although it appears the amount of child support would be within the range of 17 to 23 percent of $2,037.20, the court simply denied "Plaintiff's request that Defendant pay child support," without entering any written finding of special circumstances. See *Franz*, supra. Because the trial court did not enter the required written finding to justify its departure from the statutory guidelines, we reverse. See *Ganny v. Ganny*, 238 Ga. App. 123, 127 (6) (518 SE2d 148) (1999).

On remand, we direct the trial court to apply the statutory guidelines. We note that the mere fact that Marbel and her present husband have a young child "will not justify a reduction from the guideline range. The essential question is whether this additional support obligation renders the presumptive amount of support excessive." *Betty v. Betty*, 274 Ga. 194 (1) (552 SE2d 846) (2001). Should the trial court decide to depart from the explicit statutory guidelines, then it must enter written findings of "special circumstances" in accordance with OCGA § 19-6-15 (c). See *Ganny*, supra.

*Judgment reversed and case remanded with direction. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 11, 2002.

*Vincent D. Sowerby*, for appellant.
*Joseph H. Ferrier*, for appellee.