## A03A0595. LEWIS v. SCRUGGS.
### (583 SE2d 240)

ELLINGTON, Judge.

A Houston County jury returned a verdict directing David T. Lewis, the father of Lisa M. Scruggs' minor child, to pay Scruggs increased child support based upon a substantial change in Lewis' financial condition. In this discretionary appeal from the denial of his motion for new trial, Lewis contends the jury erred in calculating the award of child support. We agree and remand for a new trial.

1. The jury determined that Lewis' gross income was $144,362 per year. Because Lewis was supporting one child, the jury applied OCGA § 19-6-15 (b) (5) and awarded child support in the 17 percent to 23 percent range, which it calculated to be $1,000 per month. The jury also found that special circumstances existed justifying a deviation from the applicable guideline: (1) "Ages of the children." (2) "Income that should be imputed to a party because of suppression of income." (3) "In-kind income for the self-employed, such as reimbursed meals or a company car." And (4) "Unusually high income of either or both parties, which shall be construed as individual gross income of over $75,000 per annum." See OCGA § 19-6-15 (c).

If the jury correctly applied the 17-23 percent guideline, which is presumptively correct under OCGA § 19-6-15 (b) (5), the monthly award of child support would be at least $2,045.[1] To justify a downward deviation from this amount, the jury was required to find special circumstances which make the amount of the award excessive. OCGA § 19-6-15 (b) (5), (c). Although the jury checked several special circumstances listed on the verdict form, it failed to explicitly state whether an award under the guidelines was excessive. Moreover, the special circumstances checked do not imply the jury thought the award was excessive. In fact, they support an inference that the guideline award was inadequate and that the jury intended for Lewis to pay more, not less. Unfortunately, we are unable to deduce the jury's intent because it failed to state, as required, what the amount

---

[1] $144,362 divided by 12 equals $12,030.17. Seventeen percent of $12,030.17 is $2,045.12.

of the award would have been before the application of the special circumstances and then to explain why it deviated from that amount. Id.[2] The record in this case establishes that the jury failed to calculate correctly the award of child support, failed to make the requisite written or record findings, and failed to properly apply OCGA § 19-6-15 (b) (5) and (c). Consequently, the judgment is reversed and this case is remanded to the trial court for a new trial. See *Franz v. Franz*, 268 Ga. 465, 466 (1) (490 SE2d 377) (1997).

2. Further, from our review of the entire record, it appears the jury may have confused its authority to find special circumstances warranting a deviation from the guidelines under OCGA § 19-6-15 (c) with its authority under OCGA § 19-6-15 (b) (4) to include back into the computation of gross income those self-employment expenses which personally benefitted Lewis. Based on the evidence adduced at trial, the jury found Lewis' gross income equaled his gross business receipts for the tax year 2000.[3] To reach this conclusion, the jury must have determined that *all* of Lewis' business expenses benefitted him personally.

OCGA § 19-6-15 (b) (1) provides that child support "shall be based upon gross income." The evidence adduced must support a computation of the supporting party's gross income based upon the relevant factors set out in OCGA § 19-6-15 (b) (2) through (4). *Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993). Pursuant to OCGA § 19-6-15 (b) (2), gross income includes "100 percent of wage and salary income and other compensation for personal ser-

---

[2] OCGA § 19-6-15 (b) (5) provides, in relevant part:

A written finding or specific finding on the record for the award of child support that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption in that case. Findings that rebut said presumption must state the amount of support that would have been required under the guidelines and include justification of why the order varies from the guidelines.

Further, OCGA § 19-6-15 (c), which provides a list of special circumstances, makes it clear that the trier of fact must make a written finding "that the presence of one or more of the . . . special circumstances make the presumptive amount of support *either excessive or inadequate.*" (Emphasis supplied.) See also *Urquhart v. Urquhart*, 272 Ga. 548, 550 (2) (533 SE2d 80) (2000) (written findings required to support a departure from the guidelines).

[3] Scruggs presented the testimony of Lewis' accountant to establish the amount of Lewis' gross income. The accountant testified that Lewis is a self-employed therapist, operating a sole proprietorship doing business as "Behavioral Intervention Services." For the tax year 2000, Lewis had gross business receipts before expenses of $144,362. His net business income for that tax year was $2,932. The accountant testified that Lewis incurred reasonable and expected business expenses, including rent, utilities, telephone, repairs, maintenance, supplies, transportation, legal and professional fees, continuing education, contracted services, and depreciation. The accountant deducted those expenses from gross receipts in calculating Lewis' net business income. Scruggs presented Lewis' financial affidavit, which could be interpreted as showing that some of his business expenses could be characterized as household or other expenses that benefitted him personally.

vices, interest, dividends, net rental income, [and] self-employment income." Although this Code section does not define "self-employment income," it recognizes that "gross income" and "gross business receipts" are not synonymous. OCGA § 19-6-15 (b) (4) provides that "[a]llowable expenses deducted to calculate self-employment income that personally benefit the obligor . . . may be included in calculating the obligor's gross monthly income." Implicit in this Code section is an understanding that self-employment income is *net* allowable business expenses.[4] Of course, those expenses may be included back into the gross monthly income upon a showing that the expenses personally benefitted the obligor. Id.

Although the trial court adequately charged the jury on calculating gross income, applying the appropriate guidelines, and then in finding special circumstances warranting a deviation from those guidelines, those instructions may have been undermined by the verdict form used in this case. The form did not provide a separate section for calculating self-employment income or for indicating what business expenses personally benefitted the obligor and were therefore added back into the jury's finding of gross income. Yet the form listed all those special circumstances warranting a deviation from the guidelines, and some of those could easily be misconstrued to apply to the calculation of self-employment income, e.g., "In-kind income for the self-employed, such as reimbursed meals or a company car." This is a problem because those "considerations had no relevancy whatsoever to the jury's determination of [Lewis'] gross income." *Franz v. Franz*, 268 Ga. at 466 (1). Rather, they are only to be considered when the jury decides to vary the child support from the presumptive amount, which occurs after the jury has determined the obligor's gross income. Id. Upon retrial, we urge the parties and the court to use caution in crafting a verdict form that keeps these issues separate and distinct.

3. Scruggs' motion to dismiss the appeal is denied. Lewis' challenge to the award of child support was properly preserved by his timely filed motion for new trial challenging the legality of the verdict. See OCGA § 5-6-35 (a).

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Phipps, J., concur.*

---

[4] This is consistent with the Internal Revenue Code's treatment of adjusted gross income for self-employed persons. 26 USC § 162 (a). That Code section allows the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Id. Further, the financial affidavit that must accompany actions for child support in this state also defines self-employment income as "gross receipts minus ordinary and necessary expenses required to produce income." Uniform Superior Court Rule 24.2 (3) (A) (form affidavit).

DECIDED JUNE 9, 2003.

*Shaffer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond*, for appellant.

*Stephen N. Hollomon*, for appellee.