## A04A0137. TODD v. TODD.

(599 SE2d 236)

ADAMS, Judge.

Michael Samuel Todd appeals from the trial court's child support modification order. He asserts that the trial court erred in ordering child support contributions in an amount equivalent to 54 percent of his income. For the reasons discussed below, we agree and reverse.

No hearing transcript was prepared, but the trial court made the following findings of fact:[1] Todd was divorced from Mary Irene Todd in 1999, and the couple has three children, one of whom has reached majority. The two minor children reside with their mother. The father was ordered to pay child support to the mother under the original divorce decree. Since the divorce, the father has suffered material changes in his income and financial status, due to serious health problems he suffers stemming from a fall he experienced during the term of the marriage. The father filed a petition for a downward modification of his support obligation and announced that he planned to move back to Gwinnett County to be near his children. Afterward, the mother quit her full-time position with the Gwinnett County school system, which earned her $1,988 per month, and sold her fully-paid-for home for $128,000, which she invested in a new home in Virginia. The mother then moved with the two minor children to Virginia, where she has a part-time job that pays $800 per month. To reach the mother's new residence the father must drive six and one-half hours from Gwinnett County.

The father has been rated with permanent total disability by the Social Security Administration, from which he receives monthly payments of $980 in disability income and $522 dependency support, the latter of which is mailed directly to the mother. Although disabled, he is allowed to work part-time, and in 2002 earned a total of $4,165, but this amount has been decreasing each year. The father testified and presented supporting documentation that he is physically unable to work except on an occasional basis. His work involves the purchase and repair of damaged cars for resale, as well as the occasional odd job. The father testified that he is in such pain from working that he is unable to work for several days afterward, and he

---

[1] We note that Mary Irene Todd disputes certain of these findings in her brief before this Court. She states, for example, that her husband receives an additional $58.70 in Social Security benefits in the form of a Medicare insurance premium. In addition, she states that she received only $126,000 on the sale of her house. And she did not move to Virginia in response to her ex-husband's announcement that he was moving to Gwinnett County, but rather moved to care for her elderly mother and other relatives. But as these facts do not materially affect the resolution of the issue before us, we need not address these discrepancies.

is on various prescription medicines for pain. The mother acknowledged the father was suffering, but believed that he could perform the job as a cashier at a retail store.

The trial court found that the $522 support from the father's Social Security disability allocation was "an amount exceeding the (father's) required 25 percent contribution." Nevertheless, the trial court ordered the father to pay an additional $250 per month, which the court acknowledged brought the total support payment to 54 percent of the father's monthly gross income.

The child support guidelines found in OCGA § 19-6-15 provide that computation of child support shall be based upon gross income and that the amount of child support is to be determined "by multiplying the obligor's gross income per pay period by a percentage based on the number of children for whom child support is being determined." OCGA § 19-6-15 (b) (1), (5). The applicable percentage range for determining child support for two children is 23 to 28 percent. OCGA § 19-6-15 (b) (5). The application of these guidelines presents a rebuttable presumption that the amount of the child support award is correct. *Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997); OCGA § 19-6-15 (b) (5). That presumption may be overcome, however, by written or specific findings on the record that the application of the guidelines in a particular case would be unjust or inappropriate. OCGA § 19-6-15 (b) (5). The findings must state the amount of support that would be required under the guidelines and a justification of why the order varies from the guidelines. Id. OCGA § 19-6-15 (c) provides a list of special circumstances that, if present in a particular case, will support a variation from the presumptive amount.

Here, the trial court calculated the amount of child support that would be required under the guidelines and then proceeded to award additional amounts. While the trial court found that the award represents 54 percent of the father's income, the court failed to make any written findings of special circumstances to support an award in excess of the presumptive percentage range. Because the trial court did not make the required written findings to justify a departure from the statutory guidelines, we reverse and remand for further proceedings in accordance with OCGA § 19-6-15. *Corson v. Marbel*, 257 Ga. App. 874, 876 (572 SE2d 397) (2002). Should the trial court again order child support in excess of the statutory guidelines, then it must enter written findings of special circumstances to support such an award. Id.

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 5, 2004.

*Eric N. Welch*, for appellant.

Mary I. Todd, *pro se.*