## A11A1980. HOWARD v. PEACHBELT HEALTH & REHABILITATION CENTER, LLC et al.

(723 SE2d 718)

PHIPPS, Presiding Judge.

We granted Angela Howard's application for discretionary appeal in this workers' compensation case. Howard appeals a superior court order affirming the decision of the appellate division of the State Board of Workers' Compensation ("Board") to adopt the award of the administrative law judge ("ALJ"), denying her claim for disability income benefits arising from an accident that occurred during her employment with Peachbelt Health & Rehabilitation Center ("Peachbelt"). Key Risk Insurance Company, as the insurer for Peachbelt, was also a party to this suit.

Howard sought benefits with respect to two accident dates: June 12, 2009 and July 16, 2009. Benefits were denied with respect to both dates. On appeal, Howard contends the superior court erred in affirming the Board's award concerning the July 16, 2009 accident because: (1) in reaching a decision, the ALJ failed to accept a stipulation by the parties; and (2) Peachbelt's asserted defense was precluded because at the time of the accident, Peachbelt knew that Howard had a pre-existing medical condition. For the reasons that follow, we reverse the superior court's judgment as to the July 16, 2009 accident, with direction that the case be remanded to the Board.

1. Howard argues that in reaching a decision, the ALJ erroneously failed to accept a stipulation made by the parties that she suffered an injury from the July 16, 2009 accident; and because she had no notice that the ALJ would not accept the stipulation, she was denied the opportunity to introduce evidence showing injury from the July 16, 2009 accident. Peachbelt denies stipulating that Howard "suffered a compensable accident or injury arising out of and in the course and scope of her employment on July 16, 2009."

> As a factfinder, the Appellate Division [of the State Board of Workers' Compensation] is authorized to assess witness credibility, weigh conflicting evidence, and draw factual conclusions different from those reached by the ALJ who initially heard the dispute. So long as there is some evidence to support the State Board's decision, findings of fact by the State Board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the Board's conclusions. However, erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to

the de novo standard of review in superior court and on appeal to this court.[1]

"A stipulation is any agreement made by attorneys respecting business before the court. . . ."[2] "A stipulation by the parties upon which a resolution of some issue is to be made is binding."[3] During the hearing, the ALJ stated the following:

> The parties have entered into a number of facts as follows: . . . On [June 12, 2009] Ms. Howard had an accident arising out of and in the course of her employment when she was sitting on a stool which slid out from under her and threw her into a window seal striking her neck and upper back. . . . On July 16, 2009 [Howard] had another accident arising out of and in the course of her employment when the stool on which she was sitting slid out from under her *and she sustained neck injuries*. She continued to work through July 27, 2009. She has been temporarily totally disabled since that date as a result of her work injury. . . .[4]
>
> That concludes the stipulations of the parties. Counsel, any correction or additions to what I have summarized?

Neither party offered any corrections; Howard's counsel only inquired about a stipulation concerning Howard's last day of work. Thus, Peachbelt is correct that there was no stipulation of a *compensable* accident or injury; there was, however, a stipulation that Howard sustained neck injuries at work, as summarized above by the ALJ.

Despite the parties' stipulation, however, the ALJ considered other evidence on whether Howard suffered an injury from the July 16, 2009 accident in addition to the injury suffered from the June accident, and concluded that "although the employer/ensurer stipulated that there was a second accident in July, there was no additional injury." As a result, the ALJ entered an award denying Howard's claim for disability arising from the July 16, 2009 accident, based on a finding that Howard "did not sustain another injury on that date, but rather only renewed symptoms from the June 12, 2009 accident."

---

[1] *Home Depot v. McCreary*, 306 Ga. App. 805, 808-809 (2) (703 SE2d 392) (2010) (citations and punctuation omitted).

[2] *Hodges v. Hodges*, 261 Ga. 843, 844 (1) (413 SE2d 191) (1992) (citation omitted); *Greeson v. State*, 253 Ga. App. 161, 163 (1) (558 SE2d 749) (2002).

[3] *Baars v. Freeman*, 288 Ga. 835, 838 (2) (a) (708 SE2d 273) (2011) (citations and punctuation omitted).

[4] (Emphasis supplied.)

"The stipulation was entered between the parties in open court. Accordingly, the stipulation was conclusive so as to preclude the introduction of contradictory evidence."[5] Consequently, the ALJ erred in considering evidence regarding whether Howard suffered an injury from the July 16, 2009 accident and in making factual findings that contradicted the stipulation by the parties.[6] It follows that the superior court erred in affirming the award of the Board.[7] To rule otherwise would be to work an injustice upon Howard who asserts that she prepared her case on the basis that the stipulation was binding.[8] The judgment of the superior court affirming the decision of the Board is reversed with direction that the case be remanded to the Board for action in accordance with what is stated in this opinion.[9]

2. Howard also contends the superior court erred in affirming the award concerning the July 16, 2009 accident because at the time of the accident, Peachbelt knew that Howard had a pre-existing medical condition and was therefore barred from asserting a particular defense. Because of our holding in Division 1,[10] we need not reach this issue.

*Judgment reversed and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED FEBRUARY 23, 2012.

*Carl A. Veline, Jr.*, for appellant.
*Bovis, Kyle & Burch, Benjamin A. Leonard, Sarah E. Stottlemyer*, for appellees.

---

[5] *Driver v. M & O, Inc.*, 189 Ga. App. 509 (376 SE2d 220) (1988) (citations and punctuation omitted); *Food Giant v. Brown*, 174 Ga. App. 485, 486 (330 SE2d 183) (1985).

[6] *Driver*, supra at 509-510.

[7] See id. at 510.

[8] See *Hodges*, supra at 844 (2); *Food Giant*, supra.

[9] See *Driver*, supra; *Stokes v. Coweta County Bd. of Ed.*, 313 Ga. App. 505 (722 SE2d 118) (2012); see also *Home Depot*, supra at 810 (2).

[10] Supra.