## 29973. CALLAHAN v. THE STATE.

GUNTER, Justice.

Appellant, an inmate in the Tennessee State Penitentiary at Nashville, Tennessee, filed an action against the State of Georgia in the Superior Court of Whitfield County, Georgia. He entitled his action "Petition for a Writ of Habeas Corpus." The trial judge declined to issue the writ, and he entered a written judgment accordingly. This appeal is from that judgment.

Appellant's complaint sought to modify a sentence imposed upon him in Whitfield Superior Court on August 8, 1974. The complaint alleged that the sentence imposed was not in accordance with a plea-bargain agreement that his attorney had with the State of Georgia prior to the imposition of the sentence. Attached to the complaint as Exhibit "A" is a document signed by the appellant on August 2, 1974 and witnessed. This document substantiates appellant's allegations with respect to the plea-bargain agreement. The complaint also shows that the State of Georgia has filed a detainer with the Tennessee prison officials for the delivery of the appellant to the Georgia authorities upon completion of the sentence being served in Tennessee.

The complaint therefore attacks the Georgia sentence, not yet being served, in the court which imposed the alleged illegal sentence.

In *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974) this court expanded considerably the reach and the effect of an application for a writ of habeas corpus. In that case we also said: "For an example, a federal prisoner on whom state authorities have put a 'hold' pursuant to a state conviction, is 'restrained of his liberty' by reason of the state court conviction. Orito v. Powers, 479 F2d 435 (7th Cir. 1973)."

In *Nix v. State,* 233 Ga. 73 (209 SE2d 597) (1974), we held that the issues raised by an application for a writ of habeas corpus were not moot, and that the proper forum for determination of whether an alleged illegal sentence, which had been completely served, should be set aside was in the superior court which had imposed the sentence.

In *Atkins v. Hopper,* 234 Ga. 330 (216 SE2d 89) (1975) we said: "Habeas corpus relief can now serve to relieve the stigma and burden of an invalid sentence regardless of its position in relation to other sentences." P. 333.

In *Craig v. State,* 234 Ga. 398 (216 SE2d 296) (1975) we held: "If a petitioner desires to attack what he considers a void conviction, and he is restrained by federal authorities in another state, proper jurisdiction to entertain his habeas petition is the one in which he was sentenced."

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U. S. 484, the United States Supreme Court said: "The overruling of McNally v. Hill, 293 US 131 (1934), made it possible for prisoners in custody under one sentence to attack a sentence which they had not yet begun to serve. And it also enabled a petitioner held in one State to attack a detainer lodged against him by another State. In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer. Here for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not with the State of Alabama. Under these circumstances it would serve no useful purpose to apply the Ahrens rule and require that the action be brought in Alabama."

In the case at bar a Georgia sentence is attacked in the Georgia court that imposed the sentence. The petitioner is an inmate of a prison in Tennessee, but a detainer is lodged against him there by Georgia authorities because of the Georgia sentence being attacked. By virtue of these circumstances we hold that the petitioner is in the constructive custody of the Georgia prison authorities, that petitioner can bring his action attacking the Georgia sentence in the court that imposed the sentence, and that the State of Georgia is the proper respondent. The validity or invalidity of the Georgia sentence should be determined, and since petitioner is not confined in Georgia, the proper forum is the court that imposed the sentence being attacked.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

SUBMITTED MAY 23, 1975 — DECIDED OCTOBER 16, 1975.

Donald Lee Callahan, *pro se.*
*Samuel J. Brantley, District Attorney,* for appellee.