## 31226. DISMUKE v. STYNCHCOMBE.

INGRAM, Justice.

Appellant's petition for a writ of habeas corpus was dismissed in Fulton Superior Court because of his failure to join an indispensable party. At the time he filed the petition, appellant was being housed in the Fulton County jail by a United States Marshal.

Appellant had been serving a state sentence, in the Putnam County Correctional Institution, which had been imposed on him in DeKalb Superior Court. He was placed in the custody of the United States Marshal under an order from the U. S. District Court for the Northern District of Georgia for an appearance in that court. The federal government has no jail in Fulton County and uses the Fulton County jail to house its prisoners under a contractual arrangement with the Sheriff of Fulton County.

After appellant had been placed in the Fulton County jail by the U. S. Marshal, appellant filed the present action but named only the Sheriff of Fulton County as respondent in his petition. At the time of the hearing on appellant's petition in the trial court, appellant had been returned to the Putnam County Correctional Institution by the U. S. Marshal. *Held:*

1. Appellant was in the legal custody of the federal government at the time he was being detained in the Fulton County jail. United States v. Hobson, 519 F2d 765 (2) (9th Cir. 1957). As an act of comity the State of Georgia had relinquished custody of appellant to a U. S. Marshal who was acting pursuant to a valid order of the U. S. District Court. See Ponzi v. Fessenden, 258 U. S. 254 (1922), and Henderson v. Circuit Court, 392 F2d 551 (2) (5th Cir. 1968).

2. Appellant, as a federal prisoner being housed by a U. S. Marshal in a county jail of the State of Georgia, was also in the physical custody of the U. S. Marshal as appellant could not be removed from that jail except by the Marshal. While the Fulton County Sheriff is the keeper of the jail, the U. S. Marshal was the keeper of the key to that jail with respect to appellant and the other federal prisoners being housed therein.

3. Therefore, for the purpose of responding to the writ of habeas corpus, the U. S. Marshal was an indispensable party to the present habeas corpus proceeding. Cf. *Smith v. Garner,* 236 Ga. 81 (222 SE2d 351) (1976), where a majority of this court held that the writ of habeas corpus was properly directed to the Sheriff of Floyd County as the person who had the legal and physical custody of the petitioner at the time the petition was filed in that case.

4. Ordinarily, it is error to dismiss a petition or complaint for failure to join an indispensable party. Such a party should be joined in the action (see Code Ann. § 81A-119) (Rev. 1972) so the case can be considered on its merits. However, it would have been fruitless to order the U. S. Marshal joined as a party in this case because at the time this deficiency was brought to the trial court's attention, appellant had been returned to the care, custody and control of the warden of the Putnam County Correctional Institution.

5. We find no error in the trial court's dismissal of appellant's present petition for habeas corpus, but our affirmance of this judgment is without prejudice to appellant to file appropriate new habeas proceedings alleging the same grounds urged in the present petition.

*Judgment affirmed. All the Justices concur, except*

*Gunter and Hall, JJ., who dissent.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 7, 1976.

*Clarence F. Seeliger,* for appellant.

*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General, H. Allen Moye, Assistant District Attorney,* for appellee.