45143. PATTERSON v. EARP.
(363 SE2d 248)

CLARKE, Presiding Justice.

Patterson brought habeas corpus proceedings contesting the revocation of his driver's license. For grounds he attacked the constitutionality of OCGA § 40-13-33 which limits the time within which habeas corpus can be used to challenge the conviction of certain traffic laws. When the trial court denied the petition, Patterson appealed

without first making application for a certificate of probable cause to appeal. The State now moves to dismiss the appeal contending the law requires an application. We grant the motion.

OCGA § 9-14-52 (b) requires an application for certificate of probable cause to appeal habeas corpus denials. In this case, we examine the issue of whether that requirement extends to those habeas corpus petitions seeking relief from driver's license revocation.

Georgia's legislative treatment of the writ of habeas corpus appears in Chapter 14 of the Civil Practice Act codified as OCGA Ch. 9-14. The legislature divided the chapter into two articles, with Article I including OCGA § 9-14-1 through § 9-14-23 and Article II including OCGA § 9-14-40 through § 9-14-53. Article I begins with a listing of three categories of persons who may seek a writ of habeas corpus. OCGA § 9-14-1. One of the categories deals with persons kept illegally from the custody of the applicant for the writ. The other two categories involve persons whose liberty is restrained, dividing them into those restrained under a sentence of a state court of record and those restrained under any pretext whatsoever except under a sentence of a state court of record. Article I continues by establishing the procedures for certain types of habeas corpus actions. At a later date, the legislature enacted Article II of Chapter 14 and limited its mandates to persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record. The Article provides the exclusive procedure for persons falling in the prescribed category to challenge the restraint by habeas corpus. OCGA § 9-14-41. Because the requirement for an application appears in Article II, we hold that an application is required when the restraint complained of is by virtue of a sentence imposed by a state court of record.

The key question in this case becomes whether the loss of Patterson's driver's license is a restraint of his liberty resulting from the sentence of a state court of record. The holding in *Hardison v. Martin*, 254 Ga. 719 (334 SE2d 161) (1985), answers that question. There we held that the revocation of one's driver's license may place a significant restraint on his liberty within the meaning of OCGA § 9-14-1 (c). That subsection of Article I refers to liberty restrained as a result of a sentence imposed by any state court of record. We point out again that OCGA § 9-14-41 expressly mandates the procedures contained in Article II of Chapter 14 as being the exclusive procedures for persons whose liberty is being restrained by a sentence imposed against them by a state court of record. The habeas corpus proceeding which is the subject of this case is therefore controlled by the procedures contained in Article II, and Article II requires an application. Since no application for a certificate of probable cause to appeal was made in this case, this appeal must therefore be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 6, 1988.

*James C. Watkins,* for appellant.

*Michael J. Bowers, Attorney General, Cathy A. Cox, Senior Attorney,* for appellee.