## A91A2063. WATSON v. THE STATE.

(415 SE2d 306)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of voluntary manslaughter. On July 20, 1990, the trial court entered its judgment of conviction and sentence on the jury's guilty verdict. Within 30 days thereafter, neither a motion for new trial nor a notice of appeal was filed. On May 14, 1991, however, the trial court entered an order which purported to extend the time for appellant to file a notice of appeal until June 15, 1991. On June 21, 1991, a similar order was entered, purporting to extend the time for appellant to file a notice of appeal until July 15, 1991. The instant case is before us pursuant to a notice of appeal which was filed by appellant on July 15, 1991.

" ' "The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." [Cit.]' [Cit.]" (Emphasis in original.) *Sharpe v. State,* 198 Ga. App. 381, 382 (1) (401 SE2d 586) (1991). "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ." OCGA § 5-6-38 (a). "Since [no] motion for new trial was . . . filed within 30 days of the judgment as required by OCGA § 5-5-40 (a), the time for appeal was not extended under OCGA § 5-6-38 (a). No extension [of time for filing the notice of appeal] could be given [after 30 days], as it is prohibited by OCGA § 5-6-39 (b). No motion for an out-of-time appeal was made." *Walker v. State,* 197 Ga. App. 265 (398 SE2d 217) (1990).

If appellant is to secure direct appellate review, he must file a timely notice of appeal after obtaining a proper written order from the trial court which grants him an out-of-time appeal. See *Cannon v. State,* 175 Ga. App. 741 (334 SE2d 342) (1985). This court has no jurisdiction to consider the merits of the issues raised, and the appeal is accordingly dismissed. *Clay v. State,* 194 Ga. App. 354 (391 SE2d 143) (1990).

*Appeal dismissed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 3, 1992.

*Moore & Dodgen, Andrew C. Dodgen,* for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney,* for appellee.