## S92A1535. FARRIS v. SLATON.
(425 SE2d 291)

BENHAM, Justice.

Farris filed a petition for pre-conviction habeas corpus relief (see OCGA § 9-14-1 (a)) in DeKalb County after he was charged with theft of services in Fulton County and released on his own recognizance. Petitioner contended that respondent, the district attorney of Fulton County, was illegally restraining petitioner of his liberty by failing to dismiss the charges brought against petitioner. The habeas court denied the petition for habeas corpus relief, and we affirm.

1. Petitioner's motion to strike the brief of the Attorney General is denied.

2. The failure of the State to respond timely to the petition for habeas corpus relief does not entitle the petitioner to a default judgment. *Huddleston v. Ricketts*, 233 Ga. 112 (1) (210 SE2d 319) (1974).

3. OCGA § 9-14-1 (a) provides:

> Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint.

The question at issue is whether petitioner has been restrained of his liberty so that he might seek habeas corpus relief. Habeas corpus relief is available when the petitioner is in physical custody, and when there are "significant restraints on the petitioner's liberty other than physical custody." *Hardison v. Martin*, 254 Ga. 719 (1) (334 SE2d 161) (1985). Petitioner avers he has been subjected to stigma, scorn, and contempt in DeKalb County as a direct result of the pendency of criminal charges against him. While the writ may be used to relieve the stigma and burden (i.e., the collateral consequences) of an *invalid sentence* (id. at 721; *Atkins v. Hopper*, 234 Ga. 330, 333 (216 SE2d 89) (1975)), the stigma of arrest alone is not a sufficient restraint of liberty to warrant exercise of the Great Writ. Therefore, we affirm the habeas court's decision denying the petition for a writ of habeas corpus.[1]

---

[1] The U. S. Supreme Court has recognized that a petitioner enlarged on his own recognizance pending execution of sentence is "in custody" for purposes of the federal habeas corpus statute, and may seek relief thereunder since his release was subject to conditions. *Hensley v. Municipal Court*, 411 U. S. 345 (93 SC 1571, 36 LE2d 294) (1973). The opinion contains language suggesting that federal habeas relief is available, in limited instances, to persons arrested, released on their own recognizance, and awaiting trial. However,
> *Hensley* is best understood as interpreting "custody" to include those cases where a criminal defendant, already convicted and sentenced, would be imprisoned without further state judicial action had not the prison sentence been stayed by the federal court on habeas. [*Justices of Boston Municipal Court v. Lydon*, 466 U. S. 294, 327

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Fletcher and Sears-Collins, JJ., concur; Hunstein, J., not participating.*

DECIDED FEBRUARY 5, 1993.

*Paul T. Wright,* for appellant.

*Robert E. Wilson, District Attorney, Nancy A. Grace, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Mary Beth Westmoreland, Senior Assistant Attorneys General,* for appellee.

(104 SC 1805, 80 LE2d 311) (1984) (Justice Powell concurring).]