### S97A0487. GRIM v. GRIM.
(486 SE2d 27)

HINES, Justice.

The issue is whether in the trial of this divorce case the superior court was authorized to allow the jury to consider evidence of post-separation payments made by the estranged husband. We conclude that it was not.

Mr. and Mrs. Grim were married in 1971. In 1992, Mrs. Grim filed suit for separate maintenance. Mr. Grim counterclaimed for divorce. The superior court entered a temporary order awarding to Mrs. Grim, inter alia, custody of the parties' two minor children and $1,700 per month in support and maintenance. At the jury trial on the issues of property division, alimony, and child support, Mrs. Grim moved in limine to bar admission of evidence of the temporary monthly support. The superior court ruled that it would allow the evidence so long as the parties did not mention the fact that the temporary support was by court order. Mr. Grim was permitted to testify about monies he had paid in support of Mrs. Grim and their children

since the parties' separation and to submit for the jury's consideration his earlier financial affidavit which reflected the $1,700 per month temporary award. Following the denial of her motion for new trial, as amended, we granted Mrs. Grim's application for discretionary appeal solely to address the propriety of the evidence of the post-separation payments.

1. In general, evidence of post-separation support payments is not admissible in the trial of the divorce case. *McEachern v. McEachern*, 260 Ga. 320, 322 (1) (394 SE2d 92) (1990). This is so, because the evidence is potentially confusing and misleading in that it reflects a judicial determination made without a full hearing. Furthermore, if the payments were voluntary they may represent what is necessary to preserve the status quo or some other temporary accommodation, and may bear little resemblance to what is equitable or realistic in the long run. Moreover, allowing evidence of voluntary payments, as opposed to those made pursuant to court order, would not be a useful deviation from the rule because it could discourage any generous impulse in the voluntary payments. An exception to barring the evidence is made only when the court determines that the evidence needs to be admitted for impeachment purposes to prevent a party's perpetrating a fraud upon the court. Id. That was not the situation here.

Mr. Grim urges that Mrs. Grim opened the door to evidence of the post-separation payments by describing her financial condition as nearly destitute, and by erroneously implying that she had received little or no money from him. However, the record fails to reveal an attempt by Mrs. Grim to perpetrate a fraud about her financial condition. Mrs. Grim acknowledged receipt of monies from Mr. Grim, but testified that she could not meet all of her living expenses in that she was unable to pay some bills, make household repairs, or secure certain medical care for the children and pets. Thus, the introduction of evidence as to how much of Mrs. Grim's financial resources constituted support from Mr. Grim failed to directly refute any of Mrs. Grim's testimony.

Because the evidence of post-separation support payments failed to serve the purpose of impeachment to prevent fraud, the judgments of the trial court sustaining the jury's verdict cannot stand, and the case is remanded to the trial court for retrial on the issues of property division, alimony, and child support.

2. Mrs. Grim's other contentions of error are not addressed because they are outside the limited scope of the grant of discretionary review.

*Judgments reversed and case remanded. All the Justices concur.*

4

DECIDED MAY 5, 1997.

Peggy A. Grim, *pro se.*
*Stephen L. Berry,* for appellee.