## S02A1179. CAPOTE v. RAY.
(573 SE2d 25)

SEARS, Presiding Justice.

In 1984, appellant Inocente Capote pled guilty to trafficking in cocaine in Fulton County Superior Court, and received a sentence of ten years in prison, with six years to serve. In 1993, appellant was found guilty in United States District Court of a federal drug offense. Relying in part on the 1984 Fulton County conviction, the District Court gave appellant an enhanced sentence of life in prison. Appellant is currently incarcerated in a federal prison in South Carolina. Proceeding pro se, appellant filed an application for habeas corpus relief challenging his 1984 Fulton County conviction as having adverse collateral consequences on his current situation. Appellant filed his habeas corpus application in Fulton County, the site of his 1984 sentencing. He styled his application as being against Mickey Ray, the Warden of the federal prison in South Carolina where appellant is currently being held. Appellant's application for habeas corpus relief was styled as being brought against only Warden Ray. However, appellant simultaneously filed a memorandum of law in support of his application, and the memorandum's style showed the action as being brought against both the State of Georgia and Warden Ray. Despite this, the request for habeas relief was filed by the superior court as being brought against only Warden Ray, as styled in appellant's application. On the motion of the United States Attorney, the habeas court dismissed the action because it lacked jurisdiction over Warden Ray.

This Court granted a certificate of probable cause in order: (1) to determine whether the habeas court's dismissal was correct; (2) to delineate the filing procedure to be followed by a petitioner serving a federal sentence in a state other than Georgia who seeks to challenge the validity of a Georgia conviction; (3) to identify the proper defendant or defendants in such an action; and (4) to clarify the proper method of service in such an action.

1. It is this Court's duty to raise and resolve questions pertaining to our jurisdiction whenever there is any doubt concerning whether such jurisdiction exists.[1] Relying upon *Fullwood v. Sivley*[2] and similar cases, the dissent urges that we have no jurisdiction in this case because, although appellant filed a notice of appeal, he failed to file an application for a certificate of probable cause to appeal. Our ruling in *Hicks v. Scott*,[3] however, holds that before a habeas appeal will be treated as being subject to dismissal for procedural irregularities, it must be established that the petitioner was informed of the proper appellate procedure. *Hicks* holds that *Fullwood*-type cases are distinguishable from any case in which a habeas petitioner is not informed of the proper procedure for obtaining appellate review of an unfavorable ruling. The decision in *Hicks* is applicable regardless of the procedural defect in a habeas petitioner's filings with this Court.

In the present appeal, it being undisputed that appellant was not informed of the proper appellate procedure, this appeal is not subject to dismissal under *Fullwood*, notwithstanding appellant's failure to file an application for a certificate of probable cause with this Court.

2. Appellant correctly filed his application for habeas relief from his 1984 sentence in the Superior Court of Fulton County, the site of his 1984 conviction and sentencing.[4] When an inmate is incarcerated in a federal prison in Georgia, venue for any habeas action brought by that inmate against the State is properly laid in the superior court for the county in which the inmate is being held by federal authorities.[5] Appellant, however, is being held in a federal prison in South Carolina, not Georgia. When a habeas petitioner who is being held in a federal prison outside of Georgia seeks to attack a Georgia conviction and resulting sentence, venue is properly laid in the Georgia

---

[1] *Redfearn v. Huntcliffe Homes Assn.*, 271 Ga. 745, 746 (524 SE2d 464) (1999).

[2] 271 Ga. 248 (517 SE2d 511) (1999).

[3] 273 Ga. 358 (541 SE2d 27) (2001).

[4] Contrary to the State's argument, the fact that appellant's 1984 sentence has expired does not, standing alone, render his petition attacking the 1984 conviction moot. *Parris v. State*, 232 Ga. 687, 689-690 (208 SE2d 493) (1974); *Carafas v. LaVallee*, 391 U. S. 234, 237 (88 SC 1556, 20 LE2d 554) (1968).

[5] OCGA § 9-14-43; *Hicks*, 273 Ga. at 359.

county in which the petitioner was sentenced.[6] It follows that appellant properly filed his habeas petition in Fulton County.

3. Appellant incorrectly styled his application for habeas relief as being brought against Warden Ray of South Carolina. Because the Warden is beyond the jurisdiction of the Fulton County Superior Court, the habeas court dismissed appellant's action. However, under the peculiar facts of this case, we believe that rather than dismissing the application, the habeas court would have better exercised its discretion by simply joining the State as a proper respondent.

When a habeas petitioner who seeks to challenge a Georgia conviction is not incarcerated by the Georgia Department of Corrections, his habeas corpus petition should be filed against the State of Georgia.[7] It follows that the proper respondent for appellant's petition was not Warden Ray, but rather the State of Georgia, and appellant should have named the State of Georgia as the respondent in his application for habeas corpus.

As discussed above, though, when filing his application for relief, appellant simultaneously filed a memorandum of law that was captioned with a style showing his action as being brought against both the State of Georgia and Warden Ray. It is obvious, then, that appellant, who was proceeding pro se, intended to file his action against both the Warden and the State. In fact, appellant's application for habeas relief was served on the Georgia Attorney General and his memorandum of law was served upon the Georgia Attorney General and the Fulton County District Attorney, thereby providing the State with notice.[8] Under these circumstances, we believe that appellant's failure to join the State of Georgia as a respondent to his petition was caused by a misnomer, "an error in naming a person or a place in a legal document."[9]

"The name given to the petition by appellant is not binding on him."[10] Furthermore, under OCGA § 9-11-21, misjoinder or nonjoinder of parties due to the misnomer of a party properly served "is not ground for dismissal of an action."[11] Where misjoinder or nonjoinder

---

[6] *Callahan v. State*, 235 Ga. 359, 360 (219 SE2d 717) (1975); *Craig v. State*, 234 Ga. 398, 399 (216 SE2d 296) (1975).

[7] *Callahan*, 235 Ga. at 360 (where a Georgia sentence was being attacked in a habeas petition filed in the Georgia county of sentencing, and the petitioner was an inmate in a Tennessee prison, "the State of Georgia is the proper respondent."); *Smith v. State*, 234 Ga. 390, 392 (216 SE2d 111) (1975) (a habeas petition seeking to challenge a Georgia conviction brought by someone not imprisoned by Georgia authorities "may be filed against the state.").

[8] As explained in Division 4, infra, the Fulton County District Attorney was the proper party for service.

[9] Webster's New World (College) Dictionary (2nd ed.), p. 909.

[10] *Smith*, 234 Ga. at 392.

[11] OCGA § 9-11-21. See *Young v. Rider*, 208 Ga. App. 147, 148 (430 SE2d 117) (1993).

exists, "[p]arties may be dropped or added by order of the court on . . . its own initiative at any stage of the action and on such terms as are just."[12] Failure to name a proper party or parties is an amendable defect,[13] and the trial court has discretion to act under § 9-11-21[14] and make relief available to a plaintiff who has sued too few individuals or entities.[15] "Ordinarily, it is error to dismiss a petition . . . for failure to join an indispensable party."[16] Rather, the party "should be joined . . . so the case can be considered on [the] merits."[17]

Based upon these principles and under the facts of this particular matter, we believe the habeas court should not have dismissed appellant's petition due to the lack of jurisdiction over Warden Ray. We believe the better exercise of the habeas court's discretion would have been to correct appellant's error in failing to join the State of Georgia as respondent to his application, as he did in his memorandum of law. The habeas court then could have released the Warden due to lack of jurisdiction over him, thereby leaving the State of Georgia as the sole, and proper, respondent to appellant's action. Accordingly, we remand this matter to the habeas court for further proceedings.

4. Appellant correctly served his application for habeas corpus on Warden Ray, and on the Clerk of the Superior Court of Fulton County. Appellant incorrectly served his application on the Attorney General of Georgia rather than the Fulton County District Attorney.

OCGA § 9-14-45 provides that:

Service of a [habeas] petition . . . shall be made upon the person having custody of the petitioner. If the petitioner is being detained under the custody of the [Georgia] Department of Corrections, an additional copy of the petition shall be served on the Attorney General. If the petitioner is being detained under the custody of some authority other than the [Georgia] Department of Corrections, an additional copy of the petition shall be served upon the district attorney of the county in which the petition is filed. Service upon the Attorney General or the district attorney may be had by mailing a copy of the petition and a proper certificate of service.

Accordingly, because this Code section requires that inmates serve a copy of their habeas petitions upon the person having custody

[12] Id.
[13] *Hanson v. Wilson*, 257 Ga. 5, 7 (354 SE2d 126) (1987).
[14] *Cawthorn v. Waco Fire &c. Ins. Co.*, 259 Ga. 632, 633 (386 SE2d 32) (1989).
[15] See *Lamas Co. v. Baldwin*, 120 Ga. App. 149, 150 (169 SE2d 638) (1969).
[16] *Dismuke v. Stynchcombe*, 237 Ga. 420, 421 (228 SE2d 817) (1976).
[17] Id.

of them, appellant properly served his petition in this case on Warden Ray, notwithstanding the fact that Warden Ray was not a proper party to the action. However, because appellant is being held by federal authorities, he is being held "under the custody of some authority other than the [Georgia] Department of Corrections."[18] Therefore, under OCGA § 9-14-45, he should have served a copy of his petition on the district attorney of the county in which the petition was filed, Fulton County. Petitioner mistakenly served his petition on the Georgia Attorney General, which is proper only with regard to petitions filed by inmates being held by the Georgia Department of Corrections.[19]

As appellant's improper service had no bearing on the habeas court's dismissal of this action, he may make proper service on the Fulton County District Attorney in conjunction with the remand of this case to the habeas court. As stated in OCGA § 9-14-45, such service may be made by regular mail.

5. The dissent urges that the habeas court lacks subject matter jurisdiction over this matter because Capote seeks to challenge an expired 1984 state court conviction that was used to enhance his current federal sentence.[20] Not only is the dissent's argument beyond the scope of this Court's inquiry in this granted petition, it also is based upon an erroneous reading of United States Supreme Court precedent and fails to consider relevant Eleventh Circuit precedent that states the exact opposite.

This Court granted this habeas corpus petition in order to determine:

> What procedure should be followed by a petitioner who is serving a federal sentence in a state other than Georgia and who wants to challenge the validity of a Georgia conviction that was used to enhance his federal sentence, with particular emphasis on who are the proper defendants and how should they be served?

The issue of whether Capote may challenge the expired state court conviction used to enhance his federal sentence is outside the limited scope of the discretionary grant of review in this matter. Therefore, the dissent is unauthorized to address it.[21]

Furthermore, the dissent is wrong when it urges that the United

---

[18] OCGA § 9-14-45.

[19] Id.

[20] As noted by the dissent, this issue was not addressed below by either the petitioner or the habeas court.

[21] See *Franz v. Franz*, 268 Ga. 465, 466 (490 SE2d 377) (1997); *Grim v. Grim*, 268 Ga. 2, 3 (486 SE2d 27) (1997); *Brown v. Hall County*, 262 Ga. 172, 173 (416 SE2d 90) (1992).

States Supreme Court's decision in *Maleng v. Cook*[22] supports its position that because the state conviction used to enhance Capote's federal sentence has expired, the habeas court lacks subject matter jurisdiction over Capote's petition. In *Maleng*, the United States Supreme Court held that the habeas petitioner must be "in custody" (either actually imprisoned or on parole) in order to challenge a sentence on habeas corpus grounds. In construing the definition of "in custody" under *Maleng*, the Eleventh Circuit has noted that the Supreme Court's opinion "did not directly rule on the question of whether a petitioner could challenge the enhancement of his current sentence by an allegedly invalid prior sentence."[23] Therefore, the Eleventh Circuit, as well as other federal courts, has ruled that *Maleng* does not affect the validity of binding precedent that allows attack on a prior expired conviction used to enhance a current sentence.[24]

Additionally, the Eleventh Circuit has ruled that the dissent's argument (that the habeas court may not address the validity of expired convictions used to enhance current sentences) is based upon "a distinction without a difference."[25] Even in cases where the sentence used for enhancement has expired, "the reality is that [the petitioner] is . . . 'in custody' as a result of a prior and alleged illegal conviction."[26] Therefore, federal precedent is clear that "a habeas petitioner may challenge a fully expired prior conviction if he is currently incarcerated as a result of a current sentence that was enhanced by his prior conviction."[27] Insofar as the dissent seems eager to follow federal precedent in these matters,[28] it should rethink its position in light of the Eleventh Circuit cases discussed above.[29]

In the end, however, while this Court has sometimes referenced federal case law in resolving whether a habeas petitioner's liberty can be restrained by a prior, expired conviction used to enhance a current sentence, Georgia's Civil Code "provides **the exclusive procedure**" for providing habeas corpus relief to those "whose liberty is being restrained by virtue of a sentence imposed against them by a

---

[22] 490 U. S. 488, 490-491 (109 SC 1923, 104 LE2d 540) (1989).

[23] *Battle v. Thomas*, 923 F2d 165 (11th Cir. 1991).

[24] Id.; *Fox v. Kelso*, 911 F2d 563 (11th Cir. 1990); accord *Crank v. Duckworth*, 905 F2d 1090, 1091 (7th Cir. 1990); *Feldman v. Perrill*, 902 F2d 1445, 1449 (9th Cir. 1990); *Gamble v. Parsons*, 898 F2d 117, 118 (10th Cir. 1990).

[25] *White v. Butterworth*, 70 F3d 573 (11th Cir. 1995).

[26] *White*, 70 F3d at 574, quoting *Harper v. Evans*, 941 F2d 1538, 1539 (11th Cir. 1991).

[27] *Harper*, 941 F2d at 1539.

[28] See dissenting op. at p. 9.

[29] The dissent's discussion of *Lackawanna County District Attorney v. Coss*, 532 U. S. 394 (121 SC 1567, 149 LE2d 608) (2001) is not on point, as that opinion concerns federal habeas corpus relief under 28 USC § 2254 for state court sentences enhanced by prior state convictions.

state court of record."[30] In interpreting this provision, we have clearly held that one's liberty may be restrained by a prior, expired conviction used to enhance a current sentence, and that in such a situation, habeas corpus relief may be sought pursuant to OCGA § 9-14-41.[31] We see no need to depart from this precedent now.

6. In summation, a habeas petitioner such as appellant who is being held by federal authorities in a prison outside of Georgia and seeks to attack a Georgia conviction should file his application for habeas relief in the Georgia county in which he was sentenced. The application for relief should be brought (i.e., styled as) against the State of Georgia and should be served on both the person having custody of the petitioner and on the district attorney for the county in which the petition is filed. Such service may be made by regular United States mail.

*Judgment reversed and case remanded. All the Justices concur, except Hunstein, J., who concurs in Divisions 1, 2, 4, 5, and in the judgment, and Carley, Thompson and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

1. In Division 1 of its opinion, the majority anomalously holds that, because of a cursory and distinguishable ruling in *Hicks v. Scott*, 273 Ga. 358, 359 (541 SE2d 27) (2001), a document statutorily required to give this Court jurisdiction is actually entirely unnecessary for the exercise of that jurisdiction. There was a complete absence of any analysis in the precedent upon which the majority purports to rely. *Hicks v. Scott*, supra at 360 (Carley, J., dissenting). Accepting, however, that *Hicks* correctly held that the failure of the habeas court to inform the prisoner of the requisite appellate procedure excuses an *untimely* application for certificate of probable cause, the majority offers absolutely no reason why the same omission also excuses the filing of any application whatsoever. Indeed, even Appellant's counsel conceded, during oral argument, that, if there was no application for certificate of probable cause, then this Court has no jurisdiction in this case.

" 'In habeas corpus cases, the General Assembly has determined that the unsuccessful petitioner must timely file *both* a notice of

---

[30] OCGA § 9-14-41.

[31] *Hardison v. Martin*, 254 Ga. 719, 721 (334 SE2d 161) (1985). The dissent's argument that "no Georgia case has ever found significant restraints on a habeas petitioner's liberty," dissenting op. at p. 11, under the circumstances of this case is misguided. In *Hardison*, a "significant restraint" was found where a petitioner's driver's license was revoked due to an earlier, expired conviction. 254 Ga. at 721. Surely, then, Capote's imprisonment is a significant restraint of his liberty. The fact that such restraint, though imposed partly due to a state court conviction, is occurring outside of Georgia is, to quote the Eleventh Circuit, "a distinction without a difference." *White*, 70 F3d 573.

appeal *and* an application for a certificate of probable cause. . . .' [Cit.]" (Emphasis in original.) *Hughes v. Sikes*, 273 Ga. 804 (1) (546 SE2d 518) (2001). See also *Fullwood v. Sivley*, 271 Ga. 248 (517 SE2d 511) (1999). This Court relaxed the statutory *time* requirements where, as here, the habeas court fails to inform a prisoner of the proper procedure for obtaining appellate review of its order. *Hicks v. Scott*, supra at 359, 360 (the dissent sets forth the jurisdictional facts). See also *Massaline v. Williams*, 274 Ga. 552 (554 SE2d 720) (2001) (adopting a mailbox rule for habeas petitions filed by pro se prisoners). In neither *Hicks* nor *Massaline* did this Court imply that a pro se habeas petitioner would *never* have to file both the application and notice of appeal. Rather, the Court's concern was that he may not be able to file them within 30 days. However, this Court does not have authority to waive enforcement of the full statutory jurisdictional mandate. See *Fullwood v. Sivley*, supra at 251-254. In non-habeas contexts, the window of time for filing a notice of appeal or application to appeal may be broadened by various methods, including extensions of time, but the eventual filing of the notice, and the application whenever statutorily required, is still an absolute requirement to confer jurisdiction on the appellate court. See *Watson v. State*, 202 Ga. App. 667 (415 SE2d 306) (1992). Similarly, although a premature notice of appeal is permissible, this does not dispense with the requirement that final judgment eventually must be entered if the appellate court is to obtain jurisdiction. *McKeever v. State of Ga.*, 189 Ga. App. 445 (375 SE2d 899) (1988). While the holdings in *Hicks* and *Massaline* go only to the relative timeliness of an appeal wherein both an application and a notice of appeal are ultimately filed, the filing vel non of both of those documents is still determinative of the very existence of appellate jurisdiction. See *McKeever v. State of Ga.*, supra at 446.

Neither *Hicks* nor any other published opinion has held that this Court has jurisdiction to review habeas proceedings under OCGA § 9-14-40 et seq. notwithstanding the *total* absence of either the application or the notice of appeal. Indeed, *Patterson v. Earp*, 257 Ga. 729 (363 SE2d 248) (1988), cited in *Fullwood* and never overruled, specifically held that the complete absence of an application required dismissal. Writing for a unanimous court in 1999, then-Chief Justice Benham confirmed that a prisoner is not authorized "to appeal directly the denial of a petition for habeas corpus relief." *Smith v. Nichols*, 270 Ga. 550, 552 (1) (512 SE2d 279) (1999). If Appellant can obtain a decision on the merits simply by filing a notice of appeal, "then he is being afforded the right to bring a direct appeal which *Smith* clearly held to be unauthorized." *Fullwood v. Sivley*, supra at 251.

> OCGA § 9-14-52 requires this Court to engage in a discretionary review process concerning an appeal from the habeas court's denial of relief to a prisoner held under sentence of a state court of record, thereby making unauthorized a direct appeal from the denial of a post-trial habeas petition.

*Smith v. Nichols*, supra at 552 (1). Thus, the application requirement is not a procedural nicety. It is a jurisdictional prerequisite. *Fullwood v. Sivley*, supra at 250. Having no jurisdiction to review the habeas court's order, we are without authority to resolve the issues raised by Capote and addressed in Divisions 2 through 5 of the majority opinion. Under *Patterson* and *Smith*, this case must be dismissed. Therefore, I dissent to the reversal of the judgment of the habeas court and to the remand of this case for further proceedings.

2. Moreover, even if the majority were correct in refusing to dismiss this appeal, its resolution of the merits is erroneous. Assuming that the habeas court could not dismiss the proceeding for lack of personal jurisdiction over the Warden, it still does not have jurisdiction over the subject matter. Because Capote is in federal custody outside the State *and* his state sentence has expired, his liberty is not "being restrained by virtue of a sentence imposed against [him] by a state court of record." OCGA § 9-14-41.

The United States Attorney, on behalf of the Warden, raised and briefed this issue in the habeas court and on appeal. The majority discusses the issue, but only after stating that we are not authorized to address it because it is beyond the scope of our inquiry. The cases cited by the majority for this proposition do not involve a granted application for certificate of probable cause in a habeas case, and do not prohibit this Court upon the grant of other forms of discretionary review from addressing a question raised below merely because it did not specifically pose that question. Nothing in the habeas statute which authorizes our review of this case prevents us from considering an issue which is not specified in our order granting the certificate of probable cause. OCGA § 9-14-52. Moreover, the question stated in our order broadly encompassed the *procedure* to be followed under the circumstances of this case, and subject matter jurisdiction is as much a procedural matter as is personal jurisdiction.

In interpreting OCGA § 9-14-41, this Court has followed federal precedent. *Parris v. State*, 232 Ga. 687, 691 (208 SE2d 493) (1974); *Sims v. State of Ga.*, 230 Ga. 589 (198 SE2d 298) (1973). In *Carafas v. LaVallee*, 391 U. S. 234 (88 SC 1556, 20 LE2d 554) (1968), the Supreme Court of the United States interpreted federal "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition

is filed." *Maleng v. Cook*, 490 U. S. 488, 490-491 (109 SC 1923, 104 LE2d 540) (1989). Thus, in *Sims v. State of Ga.*, supra at 591, this Court held that under *Carafas* a state habeas court lacked subject matter jurisdiction where, as here, the petitioner "had been discharged from all state restraint *prior to filing* his petition for post-conviction relief." (Emphasis supplied.) This Court did subsequently revisit the issue, again analyzed *Carafas*, and overruled *Sims*, holding that "[t]he mere fact that the state sentence has been completely served should no longer be a bar to attacking it through habeas corpus even though the petition is not initially filed until after the sentence is completed." *Parris v. State*, supra at 690. However, the Supreme Court of the United States has now rejected an expansive interpretation of *Carafas* which stretches the federal statutory language too far. *Maleng v. Cook*, supra at 491. "We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." (Emphasis in original.) *Maleng v. Cook*, supra at 491. Accordingly, I submit that we should readopt the holding of *Sims*, which would require that we affirm the grant of the motion to dismiss because Capote was not being restrained pursuant to the Georgia conviction and sentence when he filed his habeas petition.

The majority confuses the issue of subject matter jurisdiction with the issue of whether a habeas petitioner may ever mount a collateral attack on a prior, expired conviction as part of a post-conviction challenge to a subsequent sentence enhanced by the earlier conviction. After addressing the issue of jurisdiction over the subject matter, *Maleng* expressly left open the extent to which a previous, expired "conviction itself may be subject to challenge in the attack upon the [later] sentences which it was used to enhance. [Cit.]" *Maleng v. Cook*, supra at 494. Until the Supreme Court of the United States answered that question in *Lackawanna County District Attorney v. Coss*, 532 U. S. 394 (121 SC 1567, 149 LE2d 608) (2001), the federal circuits unanimously allowed such a challenge, but most interpreted "*Maleng* as requiring the petitioner to do so by attacking his *current* sentence. [Cits.]" (Emphasis supplied.) *Young v. Vaughn*, 83 F3d 72, 78 (III) (B) (3rd Cir. 1996). Only the Eleventh Circuit "held that it makes no difference whether the petitioner attacks the expired or the enhanced sentence. . . ." *Young v. Vaughn*, supra at 79 (III) (B), fn. 7. Even the Eleventh Circuit has explained that, " '[i]n order to meet the "in custody" requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction.' [Cit.]" *Means v. Alabama*, 209 F3d 1241, 1242 (11th Cir. 2000). See also *Van Zant v. Florida Parole Commission*, 104 F3d 325, 327 (II) (11th Cir. 1997). "[T]he courts . . . agree that

there can be no isolated habeas corpus attack on the prior conviction as such, since the petitioner is no longer 'in custody' pursuant to it." Annot., 176 ALR Fed. 189, § 11, at pp. 264-265 (2002). *Lackawanna* removed all doubt when it held that the habeas petitioner there "is no longer serving the sentences imposed pursuant to his [earlier] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." *Lackawanna County District Attorney v. Coss*, supra at 401 (II) (A). *Maleng* "tells us that a person serving in State A a sentence enhanced because of prior convictions in State B is not 'in custody' in State B." *Lowery v. McCaughtry*, 954 F2d 422, 423 (7th Cir. 1992). Thus, if this Court is to continue its long standing practice of following federal precedent in this area, it must conclude that the habeas court lacked subject matter jurisdiction, because Capote "is not in Georgia's 'custody' as *Maleng* defines that term." *Lowery v. McCaughtry*, supra at 423.

However, even if we do not retreat from *Parris* and its progeny at this time, but permit some direct attacks on expired convictions, we should refuse to extend the language of OCGA § 9-14-41 even farther. See *Maleng v. Cook*, supra at 492. That statute requires at least " 'significant restraints on the petitioner's liberty other than physical custody.' [Cit.]" *Farris v. Slaton*, 262 Ga. 713 (3) (425 SE2d 291) (1993). See also *Hardison v. Martin*, 254 Ga. 719, 721 (1) (334 SE2d 161) (1985) (citing *Carafas* and *Parris*). As the United States Attorney points out, no Georgia case has ever found significant restraints on a habeas petitioner's liberty where, as here, he was not in state custody, was confined outside the state, and the sentence being attacked has expired. Surely in these circumstances, "the collateral consequences of [the] conviction are not themselves sufficient to render an individual '[restrained by virtue of a state sentence]' for the purposes of a habeas attack upon it." *Maleng v. Cook*, supra at 492. Instead, Capote is presently being restrained out of state solely by virtue of a federal sentence, because the state sentence has expired. Compare *Tharpe v. Head*, 272 Ga. 596 (533 SE2d 368) (2000) (habeas petitioner challenged prior state conviction used as aggravating evidence in his state death penalty trial); *Callahan v. State*, 235 Ga. 359 (219 SE2d 717) (1975) (habeas petitioner in constructive state custody could attack state sentence not yet served); *Atkins v. Hopper*, 234 Ga. 330, 333 (2) (216 SE2d 89) (1975) (state habeas attack on an unexpired lesser concurrent sentence). He may challenge the federal conviction directly in a habeas proceeding in federal court, at which time he can make a limited collateral attack on the prior, state conviction. *Lackawanna County District Attorney v. Coss*, supra; *Maleng v. Cook*, supra at 493-494. In my opinion, however, he cannot directly attack the state conviction in a state habeas proceeding. A contrary holding, based merely on the fact that the Georgia

conviction was used to enhance a federal sentence, would finally and completely eliminate the "restraint" requirement from the state habeas statute. See *Maleng v. Cook*, supra at 492.

While the majority takes issue with this dissent, it apparently declines to make a decision on the merits of this issue of jurisdiction over the subject matter. Although it was not expressly ruled on below, the majority should at least recognize that the habeas court may consider this ground on remand. See *Dodd v. City of Gainesville*, 250 Ga. App. 722, 724 (3) (551 SE2d 62) (2001), aff'd, *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002). On remand, the State clearly may renew the motion to dismiss to the extent that it is based upon the lack of subject matter jurisdiction, and the habeas court will be authorized to rule on that ground.

I am authorized to state that Justice Thompson and Justice Hines join in Division 1 of this dissent.

DECIDED NOVEMBER 15, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Roger A. Baruch, James C. Bonner, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Sharon D. Stokes*, for appellee.
*Paula K. Smith, Assistant Attorney General*, amicus curiae.