573 S.E.2d 25 (2002)
CAPOTE
v.
RAY.
No. S02A1179.
Supreme Court of Georgia.
November 15, 2002.
Reconsideration Denied December 13, 2002.
*26 Roger A. Baruch, Alpharetta, James C. Bonner, Jr., Atlanta, for appellant.
Paul L. Howard, Jr., Dist. Atty., Bettieanne C. Hart, Deputy Dist. Atty., Paula *27 Khristian Smith, Asst. Atty. Gen., Sharon Douglas Stokes, Atlanta, for appellee.
SEARS, Presiding Justice.
In 1984, appellant Inocente Capote pled guilty to trafficking in cocaine in Fulton County Superior Court, and received a sentence of ten years in prison, with six years to serve. In 1993, appellant was found guilty in United States District Court of a federal drug offense. Relying in part on the 1984 Fulton County conviction, the District Court gave appellant an enhanced sentence of life in prison. Appellant is currently incarcerated in a federal prison in South Carolina. Proceeding pro se, appellant filed an application for habeas corpus relief challenging his 1984 Fulton County conviction as having adverse collateral consequences on his current situation. Appellant filed his habeas corpus application in Fulton County, the site of his 1984 sentencing. He styled his application as being against Mickey Ray, the Warden of the federal prison in South Carolina where appellant is currently being held. Appellant's application for habeas corpus relief was styled as being brought against only Warden Ray. However, appellant simultaneously filed a memorandum of law in support of his application, and the memorandum's style showed the action as being brought against both the State of Georgia and Warden Ray. Despite this, the request for habeas relief was filed by the superior court as being brought against only Warden Ray, as styled in appellant's application. On the motion of the United States Attorney, the habeas court dismissed the action because it lacked jurisdiction over Warden Ray.
This Court granted a certificate of probable cause in order: (1) to determine whether the habeas court's dismissal was correct; (2) to delineate the filing procedure to be followed by a petitioner serving a federal sentence in a state other than Georgia who seeks to challenge the validity of a Georgia conviction; (3) to identify the proper defendant or defendants in such an action; and (4) to clarify the proper method of service in such an action.
1. It is this Court's duty to raise and resolve questions pertaining to our jurisdiction whenever there is any doubt concerning whether such jurisdiction exists.[1] Relying upon Fullwood v. Sivley[2] and similar cases, the dissent urges that we have no jurisdiction in this case because, although appellant filed a notice of appeal, he failed to file an application for a certificate of probable cause to appeal. Our ruling in Hicks v. Scott,[3] however, holds that before a habeas appeal will be treated as being subject to dismissal for procedural irregularities, it must be established that the petitioner was informed of the proper appellate procedure. Hicks holds that Fullwood-type cases are distinguishable from any case in which a habeas petitioner is not informed of the proper procedure for obtaining appellate review of an unfavorable ruling. The decision in Hicks is applicable regardless of the procedural defect in a habeas petitioner's filings with this Court.
In the present appeal, it being undisputed that appellant was not informed of the proper appellate procedure, this appeal is not subject to dismissal under Fullwood, notwithstanding appellant's failure to file an application for a certificate of probable cause with this Court.
2. Appellant correctly filed his application for habeas relief from his 1984 sentence in the Superior Court of Fulton County, the site of his 1984 conviction and sentencing.[4] When an inmate is incarcerated in a federal prison in Georgia, venue for any habeas action brought by that inmate against the State is properly laid in the superior court for the county in which the inmate is being held by federal authorities.[5] Appellant, however, is being held in a federal prison in South Carolina, not Georgia. When a habeas petitioner who is being held in a federal prison outside of Georgia seeks to attack a Georgia conviction and resulting *28 sentence, venue is properly laid in the Georgia county in which the petitioner was sentenced.[6] It follows that appellant properly filed his habeas petition in Fulton County.
3. Appellant incorrectly styled his application for habeas relief as being brought against Warden Ray of South Carolina. Because the Warden is beyond the jurisdiction of the Fulton County Superior Court, the habeas court dismissed appellant's action. However, under the peculiar facts of this case, we believe that rather than dismissing the application, the habeas court would have better exercised its discretion by simply joining the State as a proper respondent.
When a habeas petitioner who seeks to challenge a Georgia conviction is not incarcerated by the Georgia Department of Corrections, his habeas corpus petition should be filed against the State of Georgia.[7] It follows that the proper respondent for appellant's petition was not Warden Ray, but rather the State of Georgia, and appellant should have named the State of Georgia as the respondent in his application for habeas corpus.
As discussed above, though, when filing his application for relief, appellant simultaneously filed a memorandum of law that was captioned with a style showing his action as being brought against both the State of Georgia and Warden Ray. It is obvious, then, that appellant, who was proceeding pro se, intended to file his action against both the Warden and the State. In fact, appellant's application for habeas relief was served on the Georgia Attorney General and his memorandum of law was served upon the Georgia Attorney General and the Fulton County District Attorney, thereby providing the State with notice.[8] Under these circumstances, we believe that appellant's failure to join the State of Georgia as a respondent to his petition was caused by a misnomer, "an error in naming a person or a place in a legal document."[9]
"The name given to the petition by appellant is not binding on him."[10] Furthermore, under OCGA § 9-11-21, misjoinder or nonjoinder of parties due to the misnomer of a party properly served "is not ground for dismissal of an action."[11] Where misjoinder or nonjoinder exists, "parties may be dropped or added by order of the court on... its own initiative at any stage of the action and on such terms as are just."[12] Failure to name a proper party or parties is an amendable defect,[13] and the trial court has discretion to act under section 9-11-21[14] and make relief available to a plaintiff who has sued too few individuals or entities.[15] "Ordinarily, it is error to dismiss a petition ... for failure to join an indispensable party."[16] Rather, the party "should be joined ... so the case can be considered on the merits."[17]
Based upon these principles and under the facts of this particular matter, we believe the habeas court should not have dismissed appellant's petition due to the lack of jurisdiction over Warden Ray. We believe the better exercise of the habeas court's discretion would have been to correct appellant's error in failing to join the State of Georgia as *29 respondent to his application, as he did in his memorandum of law. The habeas court then could have released the Warden due to lack of jurisdiction over him, thereby leaving the State of Georgia as the sole, and proper, respondent to appellant's action. Accordingly, we remand this matter to the habeas court for further proceedings.
4. Appellant correctly served his application for habeas corpus on Warden Ray, and on the Clerk of the Superior Court of Fulton County. Appellant incorrectly served his application on the Attorney General of Georgia rather than the Fulton County District Attorney.
OCGA § 9-14-45 provides that:
Service of a [habeas] petition ... shall be made upon the person having custody of the petitioner. If the petitioner is being detained under custody of the [Georgia] Department of Corrections, an additional copy of the petition shall be served on the Attorney General. If the petitioner is being detained under the custody of some authority other than the [Georgia] Department of Corrections, an additional copy of the petition shall be served upon the district attorney of the county in which the petition is filed. Service upon the Attorney General or the district attorney may be had by mailing a copy of the petition and a proper certificate of service.
Accordingly, because this Code section requires that inmates serve a copy of their habeas petitions upon the person having custody of them, appellant properly served his petition in this case on Warden Ray, notwithstanding the fact that Warden Ray was not a proper party to the action. However, because appellant is being held by federal authorities, he is being held "under the custody of some authority other than the [Georgia] Department of Corrections."[18] Therefore, under Code section 9-14-45, he should have served a copy of his petition on the district attorney of the county in which the petition was filed, Fulton County. Petitioner mistakenly served his petition on the Georgia Attorney General, which is proper only with regard to petitions filed by inmates being held by the Georgia Department of Corrections.[19]
As appellant's improper service had no bearing on the habeas court's dismissal of this action, he may make proper service on the Fulton County District Attorney in conjunction with the remand of this case to the habeas court. As stated in section 9-14-45, such service may be made by regular mail.
5. In summation, a habeas petitioner such as appellant who is being held by federal authorities in a prison outside of Georgia and seeks to attack a Georgia conviction should file his application for habeas relief in the Georgia county in which he was sentenced. The application for relief should be brought (i.e., styled as) against the State of Georgia and should be served on both the person having custody of the petitioner and on the district attorney for the county in which the petition is filed. Such service may be made by regular United States mail.
Reversed and remanded.
All the Justices concur, except HUNSTEIN, J., who concurs in Divisions 1, 2, 4, and in the judgment, and CARLEY, THOMPSON and HINES, JJ, who dissent.
CARLEY, Justice, dissenting.
In Division 1 of its opinion, the majority anomalously holds that, because of a cursory and distinguishable ruling in Hicks v. Scott, 273 Ga. 358, 359, 541 S.E.2d 27 (2001), a document statutorily required to give this Court jurisdiction is actually entirely unnecessary for the exercise of that jurisdiction. There was a complete absence of any analysis in the precedent upon which the majority purports to rely. Hicks v. Scott, supra at 360, 541 S.E.2d 27 (Carley, J., dissenting). Accepting, however, that Hicks correctly held that the failure of the habeas court to inform the prisoner of the requisite appellate procedure excuses an untimely application for certificate of probable cause, the majority offers absolutely no reason why the same omission also excuses the filing of any application whatsoever. Indeed, even Appellant's counsel conceded, during oral argument, *30 that, if there was no application for certificate of probable cause, then this Court has no jurisdiction in this case.
"`In habeas corpus cases, the General Assembly has determined that the unsuccessful petitioner must timely file both a notice of appeal and an application for a certificate of probable cause....' [Cit.]" (Emphasis in original.) Hughes v. Sikes, 273 Ga. 804(1), 546 S.E.2d 518 (2001). See also Fullwood v. Sivley, 271 Ga. 248, 517 S.E.2d 511 (1999). This Court relaxed the statutory time requirements where, as here, the habeas court fails to inform a prisoner of the proper procedure for obtaining appellate review of its order. Hicks v. Scott, supra at 359, 360, 541 S.E.2d 27 (the dissent sets forth the jurisdictional facts). See also Massaline v. Williams, 274 Ga. 552, 554 S.E.2d 720 (2001) (adopting a mailbox rule for habeas petitions filed by pro se prisoners). In neither Hicks nor Massaline did this Court imply that a pro se habeas petitioner would never have to file both the application and notice of appeal. Rather, the Court's concern was that he may not be able to file them within 30 days. However, this Court does not have authority to waive enforcement of the full statutory jurisdictional mandate. See Fullwood v. Sivley, supra at 251-254, 517 S.E.2d 511. In non-habeas contexts, the window of time for filing a notice of appeal or application to appeal may be broadened by various methods, including extensions of time, but the eventual filing of the notice, and the application whenever statutorily required, is still an absolute requirement to confer jurisdiction on the appellate court. See Watson v. State, 202 Ga.App. 667, 415 S.E.2d 306 (1992). Similarly, although a premature notice of appeal is permissible, this does not dispense with the requirement that final judgment eventually must be entered if the appellate court is to obtain jurisdiction. McKeever v. State of Ga., 189 Ga.App. 445, 375 S.E.2d 899 (1988). While the holdings in Hicks and Massaline go only to the relative timeliness of an appeal wherein both an application and a notice of appeal are ultimately filed, the filing vel non of both of those documents is still determinative of the very existence of appellate jurisdiction. See McKeever v. State of Ga., supra at 446, 375 S.E.2d 899.
Neither Hicks nor any other published opinion has held that this Court has jurisdiction to review habeas proceedings under OCGA § 9-14-40 et seq. notwithstanding the total absence of either the application or the notice of appeal. Indeed, Patterson v. Earp, 257 Ga. 729, 363 S.E.2d 248 (1988), cited in Fullwood and never overruled, specifically held that the complete absence of an application required dismissal. Writing for a unanimous court in 1999, then-Chief Justice Benham confirmed that a prisoner is not authorized "to appeal directly the denial of a petition for habeas corpus relief." Smith v. Nichols, 270 Ga. 550, 552(1), 512 S.E.2d 279 (1999). If Appellant can obtain a decision on the merits simply by filing a notice of appeal, "then he is being afforded the right to bring a direct appeal which Smith clearly held to be unauthorized." Fullwood v. Sivley, supra at 251, 517 S.E.2d 511.
OCGA § 9-14-52 requires this Court to engage in a discretionary review process concerning an appeal from the habeas court's denial of relief to a prisoner held under sentence of a state court of record, thereby making unauthorized a direct appeal from the denial of a post-trial habeas petition.
Smith v. Nichols, supra at 552(1), 512 S.E.2d 279. Thus, the application requirement is not a procedural nicety. It is a jurisdictional prerequisite. Fullwood v. Sivley, supra at 250, 517 S.E.2d 511. Having no jurisdiction to review the habeas court's order, we are without authority to address the issues raised by Capote and addressed in Divisions 2 through 5 of the majority opinion. Under Patterson and Smith, this case must be dismissed. Therefore, I dissent to the reversal of the judgment of the habeas court and to the remand of this case for further proceedings.
I am authorized to state that Justice THOMPSON and Justice HINES join in this dissent.
NOTES
[1] Redfearn v. Huntcliff Homes Association, 271 Ga. 745, 746, 524 S.E.2d 464 (1999).
[2] 271 Ga. 248, 517 S.E.2d 511 (1999).
[3] 273 Ga. 358, 541 S.E.2d 27 (2001).
[4] Contrary to the State's argument, the fact that appellant's 1984 sentence has expired does not, standing alone, render his petition attacking the 1984 conviction moot. Parris v. State, 232 Ga. 687, 689-690, 208 S.E.2d 493 (1974); Carafas v. LaVallee, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).
[5] OCGA § 9-14-43; Hicks, 273 Ga. at 359, 541 S.E.2d 27.
[6] Callahan v. State, 235 Ga. 359, 360, 219 S.E.2d 717 (1975); Craig v. State, 234 Ga. 398, 399, 216 S.E.2d 296 (1975).
[7] Callahan, 235 Ga. at 360, 219 S.E.2d 717 (where a Georgia sentence was being attacked in a habeas petition filed in the Georgia county of sentencing, and the petitioner was an inmate in a Tennessee prison, "the State of Georgia is the proper respondent."); Smith v. State, 234 Ga. 390, 392, 216 S.E.2d 111 (1975) (a habeas petition seeking to challenge a Georgia conviction brought by someone not imprisoned by Georgia authorities "may be filed against the state.").
[8] As explained in Division Four, infra, the Fulton County District Attorney was the proper party for service.
[9] Webster's New World (College) Dictionary (2nd Ed.), at p. 909.
[10] Smith, 234 Ga. at 392, 216 S.E.2d 111.
[11] OCGA § 9-11-21. See Young v. Rider, 208 Ga.App. 147, 148, 430 S.E.2d 117 (1993).
[12] Id.
[13] Hanson v. Wilson, 257 Ga. 5, 7, 354 S.E.2d 126 (1987).
[14] Cawthon v. Waco Fire & Cas. Ins. Co., 259 Ga. 632, 633, 386 S.E.2d 32 (1989).
[15] See Lamas Co. v. Baldwin, 120 Ga.App. 149, 150, 169 S.E.2d 638 (1969).
[16] Dismuke v. Stynchcombe, 237 Ga. 420, 421, 228 S.E.2d 817 (1976).
[17] Id.
[18] OCGA § 9-14-45.
[19] Id.